[No. 2386–3. Division Three. June 2, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. DOUGLAS WAYNE HAER, *Appellant.*

*Richey & Hohlbein* and *Jack A. Richey,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Catherine Lee Campbell, Deputy,* for respondent.

MUNSON, C.J.—Douglas Haer appeals the court's order entered after a hearing pursuant to RAP 16.11.

On October 30, 1975, appellant was charged with two counts of first–degree burglary, one count of armed robbery, and one count of robbery. After plea bargaining, the appellant on December 5, 1975, pleaded guilty to two counts of first–degree burglary; the two counts of robbery were dismissed. On each burglary count, he was sentenced to imprisonment for a maximum of 40 years and a minimum of 5 years, the sentences to run concurrently.

Thereafter, the appellant filed a personal restraint petition alleging (1) his guilty pleas were neither voluntary nor made with the necessary understanding; (2) the 5–year minimum sentence was contrary to law, and (3) the court improperly failed to order a presentence report pursuant to CrR 7.2. This court remanded the cause to superior court for a hearing determination on the merits. RAP 16.11(a).

After the hearing that court entered findings of fact, conclusions of law and ordered the sentences vacated, remanding the cause to the original sentencing judge for reconsideration because of improper 5–year minimum sentences and the lack of a presentence investigation. However, the court held that the erroneous advice given to the

appellant by his attorney about potential maximum sentences did not render the guilty pleas involuntary.

The appellant appeals from the latter determination, contending: (a) that the court erred in finding that defendant's erroneous belief in the existence of a potential habitual criminal proceeding was not a substantial factor in his decision to enter his pleas and (b) the court erred in concluding that the pleas were voluntary, because the attorney had given erroneous advice relative to a habitual criminal charge and the possibility of minimum sentences.

We have reviewed the record made at the time appellant entered his plea. While stating that his memory was impaired due to the influence of LSD and alcohol at the time of commission of the acts, he remembered sufficient facts to justify a finding that he had voluntarily and intelligently entered such a plea. The court made extensive inquiry regarding appellant's memory and the facts upon which the charge was based. The court also made a full inquiry of the appellant, not only regarding his knowledge of the charge, but of potential consequences thereof, and his constitutional rights. It further inquired of the appellant whether his guilty plea had been entered under any promise, threat or pressure of any kind. The appellant answered negatively. Comparing this record with the requirements of *State v. Newton,* 87 Wn.2d 363, 552 P.2d 682 (1976); *State v. Durham,* 16 Wn. App. 648, 559 P.2d 567 (1977); *State v. Iredale,* 16 Wn. App. 53, 553 P.2d 1112 (1976), *review denied,* 88 Wn.2d 1005 (1977); and *State v. Butler,* 17 Wn. App. 666, 564 P.2d 828 (1977), we find there is substantial evidence to support the trial court's finding of entry of a voluntary and intelligent plea.

The prosecuting attorney, before the plea, had summarily advised the appellant's public defender of the possibility of filing habitual criminal charges if a not–guilty plea was entered. There was no legal basis for such a charge. Notwithstanding, the public defender felt obligated to relate that casual remark to the appellant, who now contends this very heavily influenced his decision to enter a

guilty plea. The public defender thought little or nothing of the comment, but considered it merely as part of the rhetoric between counsel involved in plea–bargaining negotiations. It is now apparent that it was more serious than casual conversation, particularly when relayed to the appellant. It was his future they negotiated. *Cf. State v. Mitchell,* 2 Wn. App. 943, 950–53, 472 P.2d 629 (1970). However, as noted in *Mitchell,* whether that reference to the habitual criminal charge detracted from the appellant's volition and understanding of the plea of guilty is a factual determination. Here, the appellant did get the benefit of his plea bargain since the two robbery charges were dismissed. He was asked at the time of entering his pleas whether there had been any promises, threats or pressure brought to bear to get him to enter the pleas, to which he responded, no. Now he contends he was pressured or threatened. This is a fact which the trial court, at the reference hearing, took into consideration in evaluating the testimony. *Cf. Parker v. North Carolina,* 397 U.S. 790, 25 L. Ed. 2d 785, 90 S. Ct. 1458 (1970). The trial court found that this reference to the habitual criminal statute was weighed by the appellant with other matters, but that it was not a "significant portion of the things that were on the defendant's mind when he chose to plead guilty." This evaluation is supported by the record and we affirm.

Finally, appellant contends that he was given erroneous advice as to the application of minimum sentences. The public defender, in discussing minimum sentences with the appellant, told him that each of the four charges could be subject to consecutive sentences with the possibility of a deadly weapon allegation on each of the four charges, when in fact only one count could have possibly come under the enhanced penalty provision for the use of a deadly weapon as the charges were then delineated. Therefore, the appellant was not properly informed as to the possibilities of minimum sentences on the other three charges. However, the public defender testified that he was aware that in other cases an amended information had been filed prior to

trial where those allegations had been included. As a consequence, he advised the appellant that if that were to occur, he would not only face the original mandatory minimum of 5 years but, thereafter, 7 1/2-year minimums. Should those have run consecutively, the minimum sentence would have been 27 1/2 years. None of this was mentioned during the proceeding involving the entry of the plea.

At the proceeding from which this appeal is taken, the court concluded that the "petitioner could be subject to no more than one mandatory minimum term at the time of sentencing if he had pleaded to all four counts as they then existed," (without any amendment) and ordered that the sentences be vacated and the matter remanded for reconsideration of the sentences imposed. Appellant has not seen fit to appeal from that ruling.

In essence, the court found that appellant's guilty pleas were valid, even though they may have been motivated in part by a desire to obtain a lesser penalty under two felony convictions, rather than risk the possibility of being tried and convicted for four felony counts. *Cf. North Carolina v. Alford*, 400 U.S. 25, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970). The court found that the erroneous information imparted to appellant by his counsel was within the purview of adequate representation of a criminal defendant. *Parker v. North Carolina, supra; State v. Butler, supra.* The record of the reference hearing supports these findings.

Judgment is affirmed.

GREEN and McINTURFF, JJ., concur.

Reconsideration denied June 27, 1978.

Review denied by Supreme Court November 17, 1978.