[No. 2576–3.   Division Three.   March 22, 1979.]

THE STATE OF WASHINGTON, *Respondent*, v. RAYMOND
PHILLIP MILLER, *Appellant*.

*John Midgley* of *Institutional Legal Services* and *Dan Stormer* of *Spokane Legal Services Center*, for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney*, and *Catherine Campbell, Deputy*, for respondent.

ROE, J.—Defendant Raymond Miller was charged by separate informations with two counts of first–degree burglary and two counts of robbery, one of which carried a deadly weapon allegation. Pursuant to a plea bargain with

the prosecutor, the robbery charges were dismissed and Miller pleaded guilty to the burglary charges. He was sentenced to a maximum term of 20 years, with the 5-year minimum term on each count to run concurrently. The Board of Prison Terms and Paroles committed Miller to prison for a period of 10 years on each cause, to run concurrently. He filed a personal restraint petition, contending that his plea was involuntarily entered without effective assistance of counsel. This court remanded the cause for a fact–finding hearing; Miller appeals the Superior Court's findings that he received effective assistance of counsel and that his plea was voluntarily entered.

At the hearing, the court found that Miller's attorney erroneously advised him about the possible sentences on the four charges and the mandatory minimum prison time he faced if convicted. There was also evidence that the prosecutor threatened to seek an additional life sentence under the habitual criminal statute. As Miller had no period for reformation between felonies, *State v. Mitchell*, 2 Wn. App. 943, 472 P.2d 629 (1970), habitual criminal charges could not legally have been imposed.

The morning of trial on the four charges, Miller did not intend to testify and had no other witnesses or evidence to present in his own behalf. A codefendant was present and prepared to testify as a State's witness against Miller. At this point, Miller advised the prosecutor that he wanted to negotiate a bargain and enter a guilty plea.

Defendant was no stranger to the system. He had a prior federal *and* a prior state felony conviction. At the personal restraint hearing, the trial judge rejected Miller's claim that his guilty plea was involuntarily entered and concluded:

> 20. After considering and weighing the testimony of the witnesses, the court concludes that Mr. Miller accepted the state's plea bargain offer because he felt that the state had a strong case against him, that he had no defense to the four charges and that he felt certain in his own mind that after hearing all the evidence the jury

would probably find him guilty on all four counts. He was also cognizant of the fact that if he took the witness stand the jury would learn about his prior felony conviction on a federal charge in California. In other words, Mr. Miller decided to face reality. He faced almost certain conviction on all four counts; he knew his plea to the two burglary charges were [sic] subject to court approval; if his pleas were accepted, two more serious charges, robbery, would be dismissed; the sentences would run concurrently; and, there was a possibility he would receive credit on his federal sentence for time served. To use an old cliche, under the circumstances it was an offer he could not refuse.

21. In view of all pertinent factors, it would strain credibility to accept the defendant's contention that the motivating factor in entering pleas of guilty to the burglary charges was the *misinformation given to him by his attorney.*

The threat of legally impossible habitual criminal charges has been held an interference with the voluntary entry of a plea:

We do not find it necessary to decide whether a prosecuting attorney's statement of intention to file habitual criminal charges if a defendant is convicted by a jury, would constitute reversible error if the defendant was in fact properly subject to such charges. . . . We do decide that if there is no basis for such an "expression of intention", it has the effect of deception which could interfere with the voluntary and understanding entry of a plea of guilty.

(Citations omitted.) *State v. Mitchell, supra* at 952. *See also Bordenkircher v. Hayes,* 434 U.S. 357, 54 L. Ed. 2d 604, 98 S. Ct. 663 (1978). This rule provides no talismanic support for Miller's position: the misinformation must *actually deceive* the defendant and induce the guilty plea. Whether this causal connection exists is a question of fact. The trial judge in the fact–finding hearing determined that Miller's plea was not the result of the erroneous advice he received.

■ Ordinarily, the appellate function is to make an independent examination and evaluation of the record

when fundamental constitutional rights are in issue. *State v. Sweet,* 90 Wn.2d 282, 581 P.2d 579 (1978). However, the trial court's findings receive great weight on appellate review, *State v. Haer,* 20 Wn. App. 306, 578 P.2d 1339 (1978), as it is in a prime position to observe and evaluate the demeanor of witnesses.

Whether we make an independent evaluation of the record (and we have done so), or merely examine it to determine if there is substantial evidence to support the trial court's finding, the result is the same. We conclude that Miller voluntarily entered his guilty plea with full knowledge of the nature of the charges against him and the consequences of his act. This is all that due process requires.

Affirmed.

MUNSON and MCINTURFF, JJ., concur.

Reconsideration denied April 18, 1979.

Review denied by Supreme Court July 27, 1979.