# IN THE SUPREME COURT OF IOWA

No. 07–2043

Filed December 11, 2009

**STATE OF IOWA,**

      Appellee,

vs.

**TERRY LELAND BERG, JR.,**

      Appellant.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Woodbury County, John D. Ackerman, Judge.

Defendant appeals from his conviction and sentences for the offenses of (1) possession of a precursor substance, (2) manufacturing a controlled substance, and (3) conspiracy to manufacture a controlled substance. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Patrick Jennings, County Attorney, and James D. Loomis, Assistant County Attorney, for appellee.

**PER CURIAM.**

Terry Berg, Jr. entered guilty pleas to the offenses of possession of a precursor substance, manufacturing a controlled substance, and conspiracy to manufacture a controlled substance in violation of Iowa Code sections 124.401(1)(*c*)(6) and 124.401(4)(*b*) (2005). Berg now appeals, claiming his counsel rendered ineffective assistance by erroneously advising him the court had no discretion in imposing a one-third mandatory minimum sentence and by failing to file a motion in arrest of judgment. Berg contends that, had he been properly informed of the court's discretion, he would not have waived his trial rights and pled guilty. The court of appeals rejected Berg's claim, finding Berg failed to prove the required prejudice. Upon our review, we vacate the decision of the court of appeals and preserve Berg's ineffective-assistance-of-counsel claim for postconviction relief proceedings.

### I. Facts and Prior Proceedings.

On April 18, 2007, the defendant was charged with five controlled substance offenses. On October 9, 2007, Berg entered into a plea agreement with the State wherein he agreed to plead guilty to Count I, possession of a precursor substance, a class "D" felony; Count II, manufacturing a controlled substance, methamphetamine, a class "C" felony; and Count IV, conspiracy to manufacture a controlled substance, methamphetamine, a class "C" felony. Counts II and IV were violations of Iowa Code section 124.401(1)(*c*)(6). Per the agreement, the defendant would receive five years on Count I, ten years on Count II, and ten years on Count IV, with all of the sentences to run concurrently and with the imposition of a one-third mandatory minimum sentence with regard to Counts II and IV, pursuant to Iowa Code section 124.413.

On November 1, 2007, Berg was sentenced in accordance with the terms of the plea agreement, and the court dismissed the remaining counts. No motion in arrest of judgment was filed. On November 9, 2007, the defendant filed a notice of appeal.

Shortly thereafter, the district court began receiving written correspondence from Berg and his family questioning the validity of the defendant's sentence and requesting reconsideration. A hearing was held on April 8, 2008. At the hearing, the defendant asserted his counsel erroneously advised him regarding the district court's ability to waive the mandatory minimum requirement of Iowa Code section 124.413. *See* Iowa Code §§ 124.413 (requiring person sentenced under section 124.401(1)(*c*) to serve a minimum period of confinement of one-third of the maximum indeterminate sentence prescribed by law); 901.10(1) (providing for the court's discretion in the imposition of a mandatory minimum sentence for a person's first conviction under section 124.413 if mitigating circumstances exist). Counsel contended he mistakenly advised Berg that Berg's prior South Dakota conviction for possession of anhydrous ammonia would preclude the court's ability to waive the mandatory minimum in whole or in part. Berg asserted he would not have signed the plea agreement as written if he had known the court had discretion to waive the mandatory minimum.

The district court denied the defendant's request to find the plea was defective, concluding the time for filing a motion in arrest of judgment had passed. This issue, the court held, must be resolved on appeal or in a postconviction relief action. However, under section 902.4, the court determined it had the authority to reconsider and modify the defendant's sentence. Nevertheless, the court concluded that under the terms of the plea agreement it was not required to make any

findings as to the existence of mitigating factors that would justify a waiver of any portion of the defendant's sentence. Moreover, in the absence of any proof of mitigating circumstances, the serious nature of the charges, and the benefits the defendant received in the plea agreement, the court found the sentence imposed to be appropriate. Therefore, the court denied the defendant's request for reconsideration.

Berg's appeal was transferred to the court of appeals where the court rejected his claim of ineffective assistance of counsel, concluding Berg failed to prove there was a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial. We now grant further review, vacate the decision of the court of appeals, and preserve the defendant's claim for postconviction relief.

## II. Scope and Standards of Review.

In order to challenge a plea of guilty, it is incumbent upon the defendant to file a motion in arrest of judgment. Iowa R. Crim. P. 2.24(3). "However, this failure does not bar a challenge to a guilty plea if the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Although ineffective-assistance-of-counsel claims are generally preserved for postconviction relief actions, we will consider the claim on its merits on direct appeal when an adequate record exists. *State v. Bearse*, 748 N.W.2d 211, 214 (Iowa 2008).

To succeed on an ineffective-assistance-of-counsel claim, the defendant must show (1) his counsel failed to perform an essential duty, and (2) the defendant was prejudiced by counsel's error. *Straw*, 709 N.W.2d at 133. The first prong of the test requires counsel's performance to be measured " 'against the standard of a reasonably competent

practitioner with the presumption that the attorney performed his duties in a competent manner.'" *State v. Dalton*, 674 N.W.2d 111, 119 (Iowa 2004) (quoting *State v. Begey*, 672 N.W.2d 747, 749 (Iowa 2003)). "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203, 210 (1985); *accord Straw*, 709 N.W.2d at 138. When an ineffective-assistance-of-counsel claim is raised on direct appeal, we must decide whether either or both elements are established or negated as a matter of law. *State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003).

**III. Merits.**

Berg contends his guilty plea was not knowing and voluntary because his attorney provided him with inaccurate advice. *See Straw*, 709 N.W.2d at 133 (noting due process requires a defendant's guilty plea be voluntarily and intelligently entered). This court has previously stated:

> "A guilty plea must represent the informed, self-determined choice of the defendant among practicable alternatives; a guilty plea cannot be a conscious, informed choice if the accused relies upon counsel who performs ineffectively in advising him regarding the consequences of entering a guilty plea and of the feasible options."

*Meier v. State*, 337 N.W.2d 204, 207 (Iowa 1983) (quoting *Hawkman v. Parratt*, 661 F.2d 1161, 1170 (8th Cir. 1981)).

Iowa Code section 124.413 provides in pertinent part:

> A person sentenced pursuant to section 124.401, subsection 1, paragraph . . . "*c*" . . . shall not be eligible for parole until the person has served a minimum period of confinement of one-third of the maximum indeterminate sentence prescribed by law.

In certain situations, however, this mandatory provision is subject to tempering. In pertinent part, Iowa Code section 901.10 provides:

> A court sentencing a person for the person's first conviction under section . . . 124.413 . . . may, at its discretion, sentence the person to a term less than provided by the statute if mitigating circumstances exist and those circumstances are stated specifically in the record.

In this case, it is undisputed the defendant's attorney advised Berg, prior to his entering into a plea agreement, that his previous South Dakota conviction precluded the district court from exercising its discretion in determining whether to impose the mandatory one-third minimum sentence on Berg's section 124.401(1)(*c*) convictions. This advice was wrong. *See State v. Neary*, 470 N.W.2d 27, 29 (Iowa 1991) (holding express terms of section 901.10 do not include prior out-of-state convictions). Moreover, it evinces a breach of counsel's duty to perform competently as a matter of law. *See Meier*, 337 N.W.2d at 206–07 (holding counsel's legal bad advice regarding applicable mandatory sentencing breached the range of normal competency); *see also State v. Kress*, 636 N.W.2d 12, 22 (Iowa 2001) (holding defense counsel's failure to correct court's misinformation concerning defendant's potential sentence exposure, or to file motion in arrest of judgment raising the issue, placed counsel below range of normal competency). Thus, the defendant has met the first prong in establishing his counsel was ineffective as a matter of law.

Nevertheless, even though defense counsel failed to perform an essential duty, on this record Berg has not established as a matter of law that he was prejudiced by his counsel's failure. As we have repeatedly held,

> a defendant who relies on an ineffective-assistance-of-counsel claim to challenge the adequacy of a guilty plea has

the burden to prove "there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial."

*Bearse*, 748 N.W.2d at 219 (quoting *Straw*, 709 N.W.2d at 138).

Here, Berg did state at the reconsideration hearing that had he been aware the one-third mandatory minimum could be waived he would not have entered into the plea agreement. However, no further inquiry was made regarding what evidence, if any, Berg had that would support his claim that he would have refused the offered plea agreement and insisted on going to trial. We noted in *Straw* that "most claims of ineffective assistance of counsel in the context of a guilty plea will require a record more substantial" than the record available on direct appeal. 709 N.W.2d at 138. In the absence of an adequate record in that case, we concluded the claim had to be preserved for postconviction relief proceedings. *Id.* The same conclusion is warranted here. Because Berg has raised no additional claims, we affirm the district court judgment and preserve Berg's ineffective-assistance-of-counsel claim for postconviction relief proceedings.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

This opinion shall not be published.