**IN THE COURT OF APPEALS OF IOWA**

No. 14-1771
Filed December 23, 2015

**NANCY JEAN JIMMISON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Nancy S. Tabor, Judge.


Nancy Jean Jimmison appeals the summary dismissal of her application for postconviction relief. **CONVICTION AFFIRMED, SENTENCE VACATED IN PART, AND REMANDED FOR RESENTENCING.**


Mark C. Smith, State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Alexandra Link, Assistant Attorneys General, for appellee.


Considered by Doyle, P.J., and Mullins and Bower, JJ. Tabor, J., takes no part.

**BOWER, Judge.**

Nancy Jean Jimmison appeals the summary dismissal of her application for postconviction relief (PCR). She contends the PCR court erred in dismissing her PCR application without allowing her the opportunity to demonstrate the grounds for the application could not have been raised within the applicable time period. She also contends the trial court imposed an illegal sentence by failing to merge her convictions for robbery and conspiracy to commit a forcible felony.

## I. BACKGROUND FACTS AND PROCEEDINGS.

Jimmison was charged with first-degree murder, first-degree robbery, willful injury, conspiracy to commit a forcible felony, and possession of crack cocaine with intent to deliver after killing Frank Schmidt on August 4, 2003. She spent several months in treatment after it was determined she was not competent to stand trial. In June 2004, after her competency was restored, Jimmison pled guilty to voluntary manslaughter, first-degree robbery, conspiracy to commit a forcible felony, and possession of crack cocaine with intent to deliver. She was sentenced to consecutive terms of incarceration in July 2004.

Kyle Williamson represented Jimmison in the criminal proceedings. In October 2004, three months after Jimmison was sentenced, Williamson entered an appearance in the estate of Jimmison's late mother, which had been opened in July 2003. The estate was closed in 2005, after funds from the estate were placed in Williamson's trust account. At Williamson's behest, Jimmison executed a power of attorney to allow Williamson to control the funds, which he claimed to

have invested. Williamson withdrew from representing Jimmison in October 2007.

In June 2008, criminal charges were filed against Williamson relating to misconduct in his practice of law. He pled guilty in February 2009. Jimmison received a monetary settlement from Williamson's legal malpractice insurer related to Williamson's handling of her mother's estate.

Jimmison filed a PCR application in 2013, alleging her guilty plea was not knowing and voluntary. Her application set fourth four grounds of fact. First, she alleged she "was heavily medicated with psychiatric drugs and did not understand the proceedings." She also alleged Williamson "did not explain any mandatory sentence that I was pleading to," "did not explain any appeal process that was presented," and "played a 'relationship' with me."

The State moved to dismiss the PCR application because it was filed after the three-year statute of limitation on PCR claims had passed. Jimmison resisted, arguing her claim could not have been brought within the limitation period. Specifically, she claimed Williamson wrongfully negotiated a disposition to her criminal charges to ensure that she would be incarcerated for the rest of her life so his theft of assets from her mother's estate would go undetected. She argued the action could not have been filed within three years of her conviction because Williamson was not convicted on fraud charges until that time period had expired. Because it found Williamson's allegedly fraudulent actions were immaterial and could have been discovered within the three-year limitation period, the PCR court dismissed Jimmison's application as untimely.

## II. DISMISSAL OF THE PCR APPLICATION.

Generally, we review PCR proceedings for errors at law and allegations of ineffective assistance of counsel de novo.  *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).  However, we review the dismissal of an untimely PCR application for correction of errors at law.  *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003).

Summary disposition of a PCR application is appropriate where there is no genuine issue of material fact in dispute and judgment may be granted as a matter of law.  *Castro*, 795 N.W.2d at 792.  We view the facts in the light most favorable to the nonmoving party.  *See id.*  If the court's findings of fact are supported by substantial evidence and it correctly applied the law, we affirm.  *Harrington*, 659 N.W.2d at 520.

Although a PCR applicant must file a PCR action "within three years from the date the conviction or decision is final," an exception is provided if the action is based on "a ground of fact or law [that] could not have been raised within the applicable period."  Iowa Code § 822.3 (2013).  Jimmison's PCR application was filed almost nine years after her conviction, clearly outside the three-year limitation period.  However, she alleges her claims fall within the exception provided in section 822.3.  Jimmison argues Williamson's ongoing manipulation and her incarceration prevented her from discovering the alleged misconduct before the statute of limitations expired.  She claims Williamson's misconduct was not discoverable until criminal charges were filed against him in 2008, one year after the limitation period expired.

The PCR court rejected Jimmison's claim she could not have brought her PCR action earlier. It found the estate existed before Jimmison's arrest and Jimmison knew Williamson was acting on behalf of the estate "long before" the limitation period expired. Jimmison was convicted in July 2004, so the limitation period ended in July 2007. The estate was closed, and Jimmison executed a power of attorney in 2005. Accordingly, the basis for her claim—Williamson's alleged misconduct in representing her in order to convert funds from the estate—existed within the three-year limitation period.

Williamson continued to represent Jimmison in the underlying criminal case until the limitation period had passed. Even assuming Williamson's continued representation prevented Jimmison from discovering the misconduct until after the limitation period expired, she still cannot establish her claim falls within the exception to the limitations period. A PCR applicant alleging a claim falls within the section 822.3 exception must also show a nexus between the asserted ground of fact and the conviction. *Harrington*, 659 N.W.2d at 520. The question is whether the alleged ground of fact is "the type that has the potential to qualify as material evidence for purposes of a substantive claim under section 822.2." *Id.* at 521. Because Jimmison is challenging the validity of her guilty plea, the ground of fact alleged must be material to her decision to plead guilty and forgo trial. *See State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006).

The PCR court determined there was an insufficient nexus between the alleged misconduct and Jimmison's decision to plead guilty. Specifically, it noted the plea agreement significantly reduced the prison sentence Jimmison faced

and allowed for the possibility of parole rather than the sentence Jimmison would have received on a murder conviction: life in prison without parole. The court determined that although Williamson's fraud amounted to professional misconduct in the handling of Jimmison's interest as an heir to the estate, it did not rise to the level of ineffective assistance in the underlying criminal matter, noting: "There is simply no record of any kind in this matter for the Court to find irregularities or that the improper motive alleged (if any existed at the time) caused actual prejudice to [Jimmison] in the underlying criminal case."

Substantial evidence supports the PCR court's finding there is an insufficient nexus between Williamson's alleged misconduct and Jimmison's guilty plea to establish a ground of fact falling within the exception to the limitation period. Aside from making the assertion Williamson "played a relationship" on her, Jimmison does not make any claim regarding how Williamson's actions rendered her plea unknowing or involuntary. While misstatements by counsel can destroy a defendant's opportunity to make a knowing and intelligent decision to enter a guilty plea, *Meier v. State*, 337 N.W.2d 204, 207 (Iowa 1983), Jimmison does not allege Williamson made any misstatement or misrepresentation regarding her guilty plea. Without more, there is no basis for denying the State's motion. *See Castro*, 795 N.W.2d at 795 (noting a response to a motion for summary judgment cannot rest on speculation or conjecture alone); *see also Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) (stating our unwillingness to assume a partisan role and provide a party with the legal authority and arguments to support their claims). Because Jimmison has

failed to show her claim meets the requirements of the section 822.3 exception, her PCR application was time barred. We affirm the PCR court's dismissal of Jimmison's PCR application.

## III. ILLEGAL SENTENCE.

Jimmison also alleges the trial court imposed an illegal sentence by failing to merge her convictions for first-degree robbery and conspiracy to commit a forcible felony. A claim a sentence itself is inherently illegal may be brought at any time. *State v. Bruegger*, 773 N.W.2d 862, 872 (Iowa 2009). We review challenges to the illegality of a sentence for errors at law. *Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001).

The State concedes the factual basis for conspiracy to commit a forcible felony was the conspiracy to commit robbery and therefore, Jimmison could not legally be sentenced for both crimes. *See* Iowa Code § 706.4 (2003) ("A person may not be convicted and sentenced for both the conspiracy and for the public offense."); *State v. Waterbury*, 307 N.W.2d 45, 52 (Iowa 1981) (holding a defendant who has been found guilty of both the conspiracy and public offense should be sentenced "solely on the substantive offense"). We agree. Accordingly, we vacate Jimmison's sentence for conspiracy to commit a forcible felony and remand for resentencing.

**CONVICTION AFFIRMED, SENTENCE VACATED IN PART, AND REMANDED FOR RESENTENCING.**