# IN THE COURT OF APPEALS OF IOWA

No. 16-1332
Filed May 3, 2017

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**JOSEPH EDWARD BARNHART,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Odell G. McGhee II, District Associate Judge.

The defendant appeals from his conviction and sentence following a guilty plea. **AFFIRMED.**

Gerald B. Feuerhelm of Feuerhelm Law Office, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Joseph Barnhart appeals from his conviction and sentence following his guilty plea to operating while intoxicated (OWI).

Barnhart was arrested for the offense and charged by trial information in June 2016. The State sent Barnhart a written plea offer, stating that if he pled guilty, the State would recommend he received all of the following: 365 days in jail, probation ($300 probation fee), fine of $1250, substance abuse evaluation and treatment, OWI first offender program, and forty hours of community service. According to Barhart's trial counsel, he reviewed the offer and believed his client was being offered a suspended sentence and probation; he then advised Barnhart of the same. Barnhart agreed to enter a guilty plea.

On July 7, Barnhart and his attorney both signed a form "petition to plead guilty to operating while intoxicated." On the form, the box next to "First offense: the maximum sentence for this charge is both incarceration for one year and a fine of $1250.00. The minimum sentence for this charge is both a fine of $1250 and incarceration for 48 hours," was checked. Additionally, someone had written that the plea agreement provided "[p]arties to argue."

The same day, the court accepted Barnhart's guilty plea.[1] Our record contains no information about discussions between the court and counsel.

According to Barnhart's counsel, it was not until Barnhart was being sentenced on July 11 that Barnhart learned the State intended to recommend Barnhart receive a sentence of 365 days' incarceration. Presumably because of the apparent confusion, sentencing did not take place on July 11.

---

[1] The plea proceedings were unreported.

On July 12, Barnhart filed a motion in arrest of judgment and a motion to withdraw his plea. At the hearing on the motions, Barnhart argued his guilty plea was the result of misunderstanding the offer before him (due to his counsel's incorrect advice); he maintained the misunderstanding made his plea unknowing and involuntary. The court denied Barnhart's motions, noting the State's non-binding offer indicated it would recommend Barnhart receive, among other things, 365 days, and the actual guilty plea stated, "The plea agreement is[:] Parties to argue." Additionally, even if counsel had believed he and the State had reached an agreement, it was not binding on the sentencing court, which still had the discretion to sentence Barnhart to a term of incarceration.

On appeal, Barnhart does not claim the district court abused its discretion in denying his motion in arrest of judgment or motion to withdraw plea. Rather, he claims trial counsel was ineffective for wrongly advising him regarding the plea agreement he received from the State. Because Barnhart has chosen to raise this issue under the ineffective-assistance framework, he has the burden to establish "by a preponderance of the evidence: (1) trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *State v. Williams*, 695 N.W.2d 23, 29 (Iowa 2005). Here, counsel has admitted both in the written motions and at the hearing on the motions that he incorrectly advised Barnhart regarding the terms of the plea agreement. We believe such a failure constitutes a breach of an essential duty. *See Meier v. State*, 337 N.W.2d 204, 206–07 (Iowa 1983) (noting it was not a question of tactics or strategies when trial counsel gave the defendant erroneous advice involving a plea deal). The question is whether Barnhart can establish he suffered prejudice as a result of

the breach. If the record is not adequate, the defendant may raise the claim in a postconviction action." (citation omitted)).

In this context, to establish he suffered prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *State v. Straw*, 709 N.W.2d 128, 136 (Iowa 2006) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The State maintains the record is not adequate to reach a decision on the issue and the claim should be preserved for further development of the record. *See State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010) ("If a claim of ineffective assistance of counsel is raised on direct appeal from the criminal proceedings, the court may address it if the record is adequate to decide the claim.") We agree; this record is one best made before the district court. We preserve for future postconviction relief.

**AFFIRMED.**