# IN THE COURT OF APPEALS OF IOWA

No. 18-1459
Filed March 18, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RONALD WAYNE DOWNS II,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Cheryl E. Traum, District Associate Judge.

        A defendant challenges his guilty plea to being voluntarily absent from custody. **AFFIRMED.**

        Thomas M. McIntee, Waterloo, for appellant.

        Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

        Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**TABOR, Judge.**

Ronald Downs seeks to vacate his conviction for being voluntarily absent from custody in violation of Iowa Code section 719.4(3) (2018). Downs pleaded guilty to that serious misdemeanor offense and, according to the sentencing order, waived reporting of the combined plea and sentencing hearing. On appeal, Downs alleges trial counsel was ineffective in not moving in arrest of judgment to challenge the validity of his plea. He now contends his plea was involuntary for four reasons. First, the district court did not inform him of a possible twenty-five percent collection fee on delinquent court debt. Second, the court did not provide adequate information on the statutory surcharges. Third, counsel misadvised him of the penal consequences of his plea. And fourth, counsel did not adequately investigate the State's evidence.

On the first and second claims, we find the record adequate to reject Downs's claims of ineffective assistance.[1] Because the record requires more development to resolve Downs's third and fourth claims, we preserve them for a possible postconviction relief action.

## I.     Facts and Prior Proceedings

In May 2018, the Davenport Work Release Center placed Downs on "escape status" after he checked out of the facility for his work assignment and failed to return the next morning. The district court issued an arrest warrant, but Downs was not apprehended until more than one month later.

---

[1] Our supreme court decided recent amendments to Iowa Code section 814.7 (prohibiting resolution of ineffective-assistance-of-counsel claims on direct appeal) apply only prospectively and do not apply to cases, like this one, pending on July 1, 2019. *See State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019).

In July 2018, the State charged Downs with voluntary absence from custody of the department of corrections, a violation of Iowa Code section 719.4(3). The next month, Downs reached a plea agreement with the State. The prosecutor agreed to recommend 240 days of incarceration consecutive to the sentence he was serving. Downs agreed to take responsibility for paying fines, costs, surcharges, and restitution. Downs and his counsel signed a written plea of guilty. That plea form indicated Downs understood "a 35% surcharge will be added to all fines that are not suspended." The form also advised Downs that failure to file a motion in arrest of judgment precluded his right to allege any defects in the plea on appeal. Downs did not file a motion in arrest of judgment.

In its sentencing order, the district court stated:

> Defendant waived reporting and record of the Plea and Sentencing Hearing.
>     Defendant **PLEADS GUILTY** to the offense set out above. The Court has reviewed the signed plea of guilty form and considered the statements of the Defendant. The Court finds that the Defendant understands the charge, the penal consequences and the constitutional rights being waived. Based on the statements of the Defendant, statements of the prosecutor, and the minutes of testimony accepted as true by the Defendant and considered by the Court, the plea has a factual basis and is knowing, voluntary and intelligent. **DEFENDANT'S PLEA IS ACCEPTED**

The court sentenced Downs to 240 days in jail consecutive to the felony term he was serving—as recommended in the plea agreement. He now appeals.

## II.     Scope and Standards of Review

Failure to file a motion in arrest of judgment normally prevents a defendant from contesting his guilty plea on appeal.  Iowa R. Crim. P. 2.8(2)(d).  But Downs may proceed with his claims by alleging ineffective assistance of counsel.  *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011).

We review those claims de novo.  *Id.*  Downs must prove his attorney failed to perform competently and prejudice resulted.  *See Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985).  The prejudice requirement focuses on whether counsel's constitutionally inadequate performance affected the outcome of the plea process.  *Id.*  In other words, Downs must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Id.*  "In only rare cases will the defendant be able to muster enough evidence to prove prejudice without a postconviction-relief hearing."  *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006).

## III.    Analysis

Downs first claims counsel should have moved in arrest of judgment because his guilty plea was not knowing and voluntary.  Downs alleges the district court failed to inform him of the "maximum possible punishment" he faced for pleading guilty.  *See* Iowa R. Crim. P. 2.8(2)(b)(2).  Specifically, he complains he received no information about the possibility of incurring a twenty-five percent collection fee if his court debt was deemed delinquent at some point in the future.  *See* Iowa Code § 602.8107(5)(b) (outlining consequences of assignment of court debt for private collection).

The requirement that the plea-taking court inform a defendant of the maximum possible punishment applies only to direct consequences—those that are definite, immediate, and largely automatic—not to indirect and collateral consequences. *See State v. Fisher*, 877 N.W.2d 676, 683 (Iowa 2016). No certainty attaches to the collection fee at issue. Under section 602.8107(5)(b), Downs would owe the collection fee only if his court debt was "not paid within thirty days after the date it is assessed." *See* Iowa Code § 602.8107(2)(d). Because the twenty-five percent collection fee was not a direct consequence of Downs's guilty plea, the court had no duty to inform him of that possibility. *See State v. Boyd*, No. 18-2224, 2020 WL 564898, at *1 (Iowa Ct. App. Feb. 5, 2020).

Second, Downs argues the district court "merely made passing reference to 'applicable surcharge' but did not inform the defendant the statutory surcharge in [Iowa Code section] 911.1 was 35% on each fine imposed." It is true Downs had a right to be informed of the applicable surcharges. *See Fisher*, 877 N.W.2d at 686. And the record shows he was. He signed a written guilty plea stating he understood "a 35% surcharge will be added to all fines that are not suspended."

Third, Down contends counsel offered faulty advice about the twenty-five percent collection fee. Although the chance of incurring those costs was indirect, counsel was not free to misinform his client about the collateral consequences of the plea. *See Meier v. State*, 337 N.W.2d 204, 207 (Iowa 1983). Because plea counsel deserves a chance to defend against Downs's accusation, we preserve that claim for possible postconviction-relief proceedings. *See State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006).

Lastly, Downs asserts counsel did not adequately investigate the facts of the crime and the State's witnesses before allowing him to plead guilty. Because the record is inadequate to determine what investigation counsel performed, we reserve that question for Downs to develop further if he seeks postconviction relief.

On the existing record, Downs is not entitled to reversal.

**AFFIRMED.**