**IN THE COURT OF APPEALS OF IOWA**

No. 22-1870
Filed May 8, 2024

**MICHAEL WILLIAM WALKER McPEEK Jr.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Story County, Amy M. Moore, Judge.

Michael McPeek appeals from the denial of his application for postconviction relief alleging ineffective assistance of counsel. **AFFIRMED**.

Francis Hurley, Des Moines, for appellant.

Brenna Bird, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.

Considered by Greer, P.J., Chicchelly, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**VOGEL, Senior Judge.**

Michael McPeek Jr. appeals from the denial of his application for postconviction relief (PCR), which claimed his defense counsel provided ineffective assistance. Because McPeek's trial counsel did not breach any essential duty, nor was McPeek prejudiced by appellate counsel's form-of-review error, we affirm.

## I.     Background Facts and Proceedings

McPeek was charged with first-degree burglary, assault causing bodily injury, and stalking after he defied a protective order, broke through the victim's back door, entered her home, grabbed her, and continued to contact her after the event. Following a December 2019 jury trial, McPeek was convicted of the lesser offense of trespass, the lesser offense of assault, and acquitted of stalking. McPeek's sentence for the two simple misdemeanor convictions was a $265 fine and thirty days in jail. McPeek received credit for time served, which immediately discharged his jail sentence.

Shortly after sentencing, McPeek filed a handwritten "motion to appeal" his misdemeanor convictions, later refiled by defense counsel. Because there is no appeal as a matter of right from simple misdemeanor convictions, our supreme court treated the appeal as an application for discretionary review and, after briefing, denied the same. *See* Iowa Code § 814.6(2)(d) (2021).

McPeek then filed a PCR application, arguing he received ineffective assistance of counsel. Following trial, the district court denied McPeek's application. McPeek appeals.

## II. Standard of Review

A district court's denial of an application for PCR relief is ordinarily reviewed for correction of errors at law. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). But when an applicant alleges ineffective assistance of counsel, the appeal implicates a constitutional issue, which we review de novo. *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019).

## III. Discussion

To obtain PCR relief, an applicant must clear two thresholds. First, the applicant must show that defense counsel "breached an essential duty." *State v. Gaskins*, 866 N.W.2d 1, 5 (Iowa 2015). Breaching an essential duty means performing "below the standard demanded of a reasonably competent attorney." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). When considering breach, "ineffective assistance is more likely to be established when the alleged actions or inactions of counsel are attributed to a lack of diligence as opposed to the exercise of judgment." *Id.* An applicant must "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Nguyen v. State*, 878 N.W.2d 744, 752 (Iowa 2016) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984) (citation omitted)).

Second, an applicant must show defense counsel's error resulted in prejudice. *Ledezma*, 626 N.W.2d at 143. An applicant is prejudiced when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland*, 466 U.S. at 694).

On appeal, McPeek argues defense counsel (1) pursued a trial strategy that was not adequately communicated to him, prioritized defending against the greater charges at the expense of the lesser-included charges, and failed to explore the nature of his relationship with the victim; and (2) erred in filing a notice of appeal rather than seeking discretionary review. McPeek further claims the cumulative effect of these errors prejudiced him. We consider each argument in turn.

### A. Trial Strategy

McPeek primarily attacks defense counsel's strategy, which he argues focused too much on defending the main charges—two of which were felonies, posing a twenty-eight-year prison sentence—and not enough on the lesser-included simple misdemeanors of which he was ultimately convicted. He also disputes trial counsel's reluctance to delve into his "convoluted relationship" with the victim.

McPeek argues "there was poor communication" with his defense counsel. He claims that, around the time of closing arguments, defense counsel stated, "we're going for simple assault" because McPeek "kicked a door in," so he had "to get something." But the trial record undermines McPeek's version of events. During closing arguments, counsel argued McPeek lacked specific intent to commit assault. Far from conceding assault, counsel discussed the prosecution's various theories of specific intent and why they failed.

Moreover, McPeek agreed that defense counsel needed to spend significant time on the greater charges because "that's what the State would be talking the most about." McPeek even testified to having a good working relationship with defense counsel at trial. He agreed defense counsel explained

her pretrial filings, including her motion in limine. McPeek believed defense counsel listened to his thoughts and at times took his suggestions. Throughout the trial, McPeek trusted defense counsel's judgment.

Turning to the strategy itself, McPeek believes counsel should have fully explored the nature of his relationship with the victim. According to him, more information about his history with the victim—including prior altercations or disputes—would have avoided the assault and trespass convictions. On our review, we agree with the PCR court that counsel's decision to refrain from "call[ing] further attention to the historically volatile and violent nature of the parties' relationship was not ineffective." As the PCR court concluded, counsel's strategy of not delving too deeply into the relationship between McPeek and the victim was "to prevent the jurors from simply viewing [McPeek] as violent and thus being more apt to convict him on the greater offenses."

As to one particular event, McPeek believed defense counsel should have inquired about the age of the bruises on the victim and supported the same by engaging a medical expert. While McPeek testified that the victim's bruises "were not from the day I kicked the door," but "from a prior event" where he similarly injured her, the PCR court made no mention of the issue in its ruling. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) (requiring issues "be both raised and decided by the district court before we will decide them on appeal"). McPeek's brief makes only a passing reference to this injury issue, which is not enough to obtain appellate review. *See State v. Louwrens*, 792 N.W.2d 649, 650 n.1 (Iowa 2010); Iowa R. App. P. 6.903(2)(a)(8)(3). Absent proper error preservation and issue development, we decline to address this argument.

We therefore conclude defense counsel's chosen strategy falls within the sphere of reasonable "trial tactics, strategies, or other judgment calls" that we will not second-guess. *Meier v. State*, 337 N.W.2d 204, 206 (Iowa 1983).

## B.    Mode of Appeal

McPeek next argues he was deprived of effective assistance when his appellate counsel did not file an application for discretionary review. We disagree.

McPeek initiated his own appeal by filing a handwritten motion. Defense counsel then filed a notice of appeal, which substantially conformed with Iowa Rule of Appellate Procedure 6.1401—Form 1, rather than an application for discretionary review. McPeek's appointed appellate counsel likewise failed to recognize McPeek's improper form of appeal, instead proceeding to the briefing stage and filing an appellant proof brief.[1]

Yet under these facts, we find no prejudice. Pursuing the wrong form of review does not result in automatic dismissal. Iowa R. App. P. 6.151(1). Instead, the appellate court "may treat the documents upon which the action was initiated as seeking the proper from of review." Iowa R. App. P. 6.151(2). That is the course of action our supreme court took in this case. McPeek's appellant brief—which must explore every argument in support of overturning his conviction, *see* Iowa R. App. P. 6.903(2)(a)(8)—was treated as an application for discretionary review. Thus, beyond merely previewing his case, *see* Iowa R. App. P. 6.106(1)(e),

---

[1] McPeek argues he was "deprived of an opportunity to communicate with counsel recording the appeal," preventing him from correcting the error himself. The record refutes McPeek's claim. McPeek was not incarcerated at the time of the appeal, was provided with appellate counsel's phone number, and testified he never tried to contact appellate counsel.

McPeek presented the Iowa Supreme Court with briefing on the merits for every ground he sought to overturn his convictions. The court was not persuaded and denied the appeal.

McPeek's brief on direct appeal was not sufficiently convincing to obtain discretionary appellate review of two misdemeanor convictions. In this case, McPeek needed to prove that, had the correct vehicle been utilized—seeking discretionary review rather than direct appeal—the outcome "would have been different." *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994). McPeek has not met this heavy burden, particularly in light of the considerable evidence at trial supporting the trespass and assault convictions.

Thus, we find McPeek failed to prove he was prejudiced by his counsel's actions. Because we find no prejudice, we need not consider whether counsel breached any essential duty. *See Osborn v. State*, 573 N.W.2d 917, 922 (Iowa 1998).

### C. Cumulative Error

Finally, McPeek makes a cumulative-error argument under *State v. Clay*, 824 N.W.2d 488 (Iowa 2012). But this too fails. *Clay* instructs that where "the defendant raises one or more claims of ineffective assistance of counsel, and the court finds that trial counsel performed an essential duty in an individual claim, the court should dismiss that claim." 824 N.W.2d at 501. We only engage in a cumulative-error inquiry when we "analyze[] the prejudice prong of *Strickland* without considering trial counsel's failure to perform an essential duty." *Id.* at 501–02.

Here, defense counsel did not breach any duty when pursuing the trial strategy and avoiding certain evidence about McPeek and the victim's relationship. Therefore *Clay*'s cumulative-error inquiry is inapplicable to that claim. That leaves one claim—the mode of appellate review—which we have already found did not prejudice McPeek. Thus, *Clay* provides no path to relief.

## IV. Conclusion

McPeek's defense counsel did not breach any essential duty, nor did the form of appellate review error cause him prejudice, so McPeek was not deprived of effective assistance of counsel.

**AFFIRMED**.