**STATE of Iowa, Appellee,**

v.

**Warner Stewart KELLY, Appellant.**

**No. 56575.**

Supreme Court of Iowa.

Dec. 18, 1974.

Clark L. Holmes, of Holmes, Ralph & Kutmus, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Ira Skinner and Thomas Mann, Jr., Asst. Attys. Gen., for appellee.

Heard by MOORE, C. J., and MASON, RAWLINGS, UHLENHOPP and REYNOLDSON, JJ.

MOORE, Chief Justice.

Defendant, a penitentiary inmate, appeals conviction and sentence for second degree murder of a prison guard. We affirm.

On July 5, 1972 a county attorney's information was filed charging defendant, Warner Stewart Kelly, with murder. Defendant demurred, claiming the use of county attorney's information was contrary to the Fifth and Fourteenth Amendments to the United States Constitution because he was not charged by grand jury indictment. Trial court denied and overruled the demurrer. Defendant was granted a change of venue to Wapello County District Court, where jury trial commenced April 24, 1973.

The trial evidence disclosed defendant was a prisoner at Fort Madison Penitentiary on June 8, 1972. On that date a disturbance arose in cell house 19 over which radio program was to be aired over the prison radio system. Defendant was the loudest of the prisoners making noise and shouting demands. The guards unsuccessfully attempted to quiet the disturbance.

They called Captain Joseph William Kruse, the officer in charge. When Kruse arrived a paper fire had been started just outside defendant's cell. Kruse ordered defendant to come out and go to the "hole"—maximum security building 97, where some inmates are kept in isolation. Defendant refused to come out. Kruse sprayed mace at him. Defendant threw a container of water at Kruse, who retreated and then returned to the cell. Defendant was seen holding a blade approximately one and one-half to two inches long. Defendant was behind a bed sheet or blanket hanging in his cell. After a sudden movement by defendant, Kruse backed out of the cell, bent over, with blood on the front of his shirt. Defendant came out of his cell, fought with other guards and was finally subdued. Kruse died shortly thereafter of a penetrating wound in the heart made by a sharp instrument like a knife.

After the close of evidence the State submitted a proposed instruction (later numbered 21) based on Code section 246.32 which limited the application of self-defense instructions. That Code section provides:

"Any officer of said institutions and his assistants shall, in case a prisoner resists his lawful authority, or refuses to obey his lawful command, enforce immediate obedience by the use of such weapons or other aids as may be effectual, and if, in so doing, such convict is wounded or killed, such officer and his assistants shall be justified."

Defendant objected to instruction 21 "for the reason said instruction allows the jury to speculate as to what a lawful command is; for the reason that said instruction is not for the jury's consideration the kind of conduct permissible; that this in effect allows the jury to speculate as to their own hunches, instincts as to what a proper command would be, all to the prejudice of this defendant. That furthermore that said instruction denies, implies and denies the defendant procedural due process, denies to this defendant the proper notice of rules

and regulations for his knowledge and otherwise denies this defendant procedural due process as exists in the 14th Amendment of the United States Constitution made applicable to the states and the Iowa Constitution."

After overruling defendant's objection instruction 21 was included in the court's jury instructions. It read:

"The law of Iowa provides that the correctional officers shall, in case a prisoner resists his lawful authority, or refuses to obey his lawful command, enforce immediate obedience by the use of such weapons or other aids as may be effectual.

"If you find from the evidence in this case that correctional officer Kruse did in fact give the Defendant a lawful command and the Defendant refused to obey such command, then you are instructed that correctional officer Kruse could enforce immediate obedience to such lawful command by the use of such weapons or other aids as would be effectual.

"You are further instructed that in the event you find such lawful command given and disobeyed, and immediate obedience was enforced by the use of such weapons or aids as would be effectual, then and in that event, you should not consider whether Defendant acted in self defense. However, if you should find that such lawful command was not given or if given, was not disobeyed, or that the force used was greater than would be effectual then you should consider self defense as further defined in instructions 22, 23, 24, 25, 26, 27, 28.

"In determining whether any command given was a lawful command you are instructed that you may consider all the evidence presented with respect to the circumstances which existed in Cell House 19 on June 8, 1972, including but not limited to testimony concerning any command given by Captain Kruse to the defendant, the reasonableness of such command, if given, under the circum-

stances which you find then existed. If under all the circumstances which you find existed at the time, you find that a command was given to the defendant, and that such command was reasonable, then such command may be considered lawful."

I. Defendant's first assigned error asserts the trial court erred in giving instruction 21 "Because the statute upon which said instruction is based in unconstitutionally void for vagueness."

Defendant's objection to instruction 21 did not alert the trial court to any constitutional objection to Code section 246.32.

We have repeatedly held that ordinarily, matters not raised in the trial court, including constitutional questions, cannot be effectively asserted for the first time on appeal. Furthermore, the constitutionality of a statute may not be considered on appeal where the question was not raised in the lower court. State v. Willis, Iowa, 218 N.W.2d 921, 923; State v. Wisher, Iowa, 217 N.W.2d 618, 620; State v. Russell, Iowa, 216 N.W.2d 355, 356 and authorities cited in these opinions.

Defendant has not properly raised any constitutional challenge to Code section 246.32.

II. Defendant next claims the trial court erred in giving instruction 21 "Because the instruction fails to define the terms 'lawful authority' and 'lawful command.'"

Defendant's brief and argument is difficult to follow because it relates to instruction 21 as set out in defendant's abstract of record. Somehow the fourth paragraph of the instruction was not included. In that paragraph the trial court told the jury the meaning of lawful authority and command as applied to the record evidence. Defendant failed to request an additional or more explicit instruction.

The State argues a party desiring an additional or more specific instruction should timely request it and defendant's failure to make known to the trial court

such a desire deprives him of a basis for a successful appeal. The State relies on our holding in State v. Hackett, Iowa, 197 N.W.2d 569.

In State v. Badgett, Iowa, 167 N.W.2d 680, 688, we say:

"We have held many times from our earlier decisions to our recent ones that a party desiring an additional or more explicit instruction should timely request it. A defendant's failure to present an instruction on such a matter *or make known to the court* his wish to so instruct deprives him of a basis for successful appeal in this court for failure to do so. (Citations)." (Emphasis added).

We find defendant's objections to instruction 21 sufficiently made known to the court a desire to have "lawful authority" and "lawful command" defined.

Those words, which themselves have a common and generally accepted meaning, were sufficiently further defined and limited in the fourth paragraph of instruction 21 as applied to the factual circumstances.

Words of ordinary usage and which are generally understood need not be instructionally defined. State v. Graham, Iowa, 203 N.W.2d 600, 603; Henneman v. McCalla, 260 Iowa 60, 77, 148 N.W.2d 447, 457; State v. Wallace, 259 Iowa 765, 773, 145 N.W.2d 615, 620.

We do not reach or decide the State's contention defendant was not prejudiced as claimed in his second assigned error because defendant was not entitled to the benefit of the self-defense instructions.

III. Defendant's third assigned error is that his demurrer should have been sustained. He concedes in his brief and also in oral argument that we have repeatedly held the use of a county attorney's information rather than grand jury indictment establishes no ground for reversible error. We have frequently so held. See Furgison v. State, Iowa, 217 N.W.2d 613, 616; State v. Masters, Iowa, 196 N.W.2d 548, 550 and

State v. Abodeely, Iowa, 179 N.W.2d 347, 355 where we say: "On the basis of both reason and authority we again hold the Iowa county attorney's information procedure valid." We decline to overrule our prior holdings.

We find no reversible error in this case.

Affirmed.