**James HENDERSON, Appellant,**

v.

**David SCURR, Warden, Iowa State Penitentiary at Fort Madison, Iowa; Division of Adult Corrections, Department of Social Services, State of Iowa, Appellee.**

**No. 66104.**

Supreme Court of Iowa.

Dec. 23, 1981.

Alfredo G. Parrish of Parrish & Del Gallo, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Julie F. Pottorff, Asst. Atty. Gen., David H. Correll, Black Hawk County Atty., and James D. Coil, Asst. Black Hawk County Atty., for appellee.

Considered by REYNOLDSON, C. J., and McCORMICK, McGIVERIN, LARSON, and SCHULTZ, JJ.

SCHULTZ, Justice.

Petitioner, James Henderson, appeals from the district court's denial of his petition for postconviction relief. In 1977 petitioner was found guilty by jury verdict of first-degree murder. His conviction was affirmed by this court. *State v. Henderson,* 268 N.W.2d 173 (Iowa 1978). In this appeal petitioner contends the district court erred in finding that he had not been denied effective assistance of counsel in his murder trial and in finding that the trial court did not err in submitting an instruction on first-degree murder to the jury. We affirm the district court.

I. *Ineffective assistance of counsel.* Petitioner claims he was not afforded effective assistance of counsel in his murder trial because his trial attorney failed to inform him of an opportunity to plead guilty to murder in the second degree. He argues that customary skills require defense counsel to inform a defendant of the possibility of plea bargaining. The district court rejected petitioner's claim, stating:

> The underlying threshold of the assertion is that petitioner's trial counsel had the opportunity to plead applicant guilty to the lesser crime of murder in the 2nd degree. The record affirmatively shows the contrary. Petitioner's trial counsel made extensive efforts to obtain such a plea bargain agreement from the prosecution but were unable to do so. Therefore they necessarily could not inform petitioner that he could enter such a plea.

Our review of the record reveals substantial evidence to support the trial court's determination. Testimony at the postconviction proceeding by petitioner's trial counsel and the county attorney established that although counsel attempted to discuss the possibility of pleading guilty to a lesser offense, the county attorney would only accept a plea to an open charge of murder with the degree to be determined by the court. Petitioner acknowledged that he rejected this option upon the advice of counsel, after being informed of the charges against him, all lesser included offenses, and the possible penalties.

■ In a postconviction proceeding the petitioner has the burden of proof to establish by a preponderance of the evidence a claim of ineffective assistance of counsel. *Snethen v. State*, 308 N.W.2d 11, 14 (Iowa 1981). The petitioner must overcome a presumption that counsel is competent. The ultimate test is whether under the entire record and totality of the circumstances counsel's performance was within the range of normal competency. When the claim of ineffective assistance of counsel is premised on the failure of counsel to take some action, the petitioner must demonstrate that (1) counsel failed to perform an essential duty, and (2) prejudice resulted. *Id.*

■ Petitioner has not sustained his burden. Advice by trial counsel as to the possibility of pleading guilty to second-degree murder would have been a fruitless gesture, since the county attorney would not have accepted the plea. We find no error on the part of the district court.

II. *Propriety of jury instruction.* The trial court, over petitioner's exception, submitted to the jury instruction 15, which stated:

> Among the essential elements of murder in the first degree are deliberation, premeditation, and a specific intent to kill.
>
> If a person with opportunity to deliberate makes a wrongful assault upon another with a deadly weapon and death ensues, the *inference* is *warranted* that he did so with malice, deliberation, premeditation and a specific intent to kill *in the absence of evidence to the contrary.*
>
> *This inference is not conclusive, but may be considered by you with all of the evidence* in the case, or lack of evidence, in determining whether or not the killing charged, if done by the defendant, was done with deliberation, premeditation and a specific intent to kill.

(Emphasis added). This instruction is a verbatim reproduction of II *Iowa Uniform Jury Instructions Ann.* No. 513.10 (1970),[1] the second paragraph of which was approved by this court in *State v. Lass*, 228 N.W.2d 758, 766 (Iowa 1975). *See also State v. Whiteside*, 272 N.W.2d 468, 472 (Iowa 1978).

On direct appeal petitioner unsuccessfully challenged instruction 15 on the ground that it shifted the burden of proof to him. *Henderson*, 268 N.W.2d at 180–81. In his application for postconviction relief, petitioner asserted that the instruction uncon-

---

1. Since the adoption of the new Iowa Criminal Code, the uniform instructions have been revised. The current version of instruction 513.-

10 appears at II Iowa Uniform Jury Instructions Ann. Nos. 704, 706 (1978).

stitutionally placed the burden of proof on him to rebut the inference allowed to be drawn from opportunity to deliberate. The State argued that petitioner was barred from raising the issue because it had been raised and decided on direct appeal. *See* § 663A.8, The Code. Although the district court found substantial merit in the State's position, it considered the issue on the merits because the postconviction claim was slightly different from that raised on direct appeal and because of the intervening decision of the United States Supreme Court in *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).

The district court decided the issue adversely to petitioner. Relying on *Sandstrom*, petitioner assigns error. Since on appeal the State has not pursued its argument that petitioner is barred from raising the issue, we will decide the issue on its merits.

In *Sandstrom* the jury was instructed that " '[t]he law *presumes* that a person intends the ordinary consequences of his voluntary acts.' " 442 U.S. at 515, 99 S.Ct. at 2454, 61 L.Ed.2d at 45 (emphasis added). The instruction did not give the jurors an opportunity to reject the conclusive effect of establishing intent; it could have been viewed as creating a mandatory presumption. The instruction therefore violated the fourteenth amendment requirement that the state prove every element of a criminal offense beyond a reasonable doubt. *Id.* at 524, 99 S.Ct. at 2459–60, 61 L.Ed.2d at 51.

Instruction 15 contained the term "inference," rather than "presumes" or "presumption." Petitioner nevertheless contends that the terms "presumption" and "inference" are commonly used interchangeably and since the term "inference" was not defined in instruction 15, the jurors could have become confused and concluded the inference conclusively established the element of intent.

The trial court has a duty to instruct the jury on all of the issues and the law of the case. *State v. Thomas*, 262 N.W.2d 607, 612 (Iowa 1978). Terms used in instructions should be defined when they may confuse the jury, but when the terms have common usage and are readily understandable by persons of ordinary intelligence they need not be defined. *State v. Kelly*, 224 N.W.2d 456, 458 (Iowa 1974). We recently discussed the meanings of the terms presumption and inference and in commenting on *Sandstrom* stated:

[T]he court emphasized "the common definition of 'presume' as 'to suppose to be true without proof.' " *Id.* [442 U.S.] at [517,] 99 S.Ct. at 2456, 61 L.Ed.2d at 46. By contrast, to "infer" means "to derive by reasoning or implication [or] conclude from facts or premises." Webster's Third New International Dictionary 1158 (1961). Thus, rather than limiting the assessment of other evidence, this term invites such an assessment.

*State v. Rinehart*, 283 N.W.2d 319, 322 (Iowa 1979), *cert. denied*, 444 U.S. 1088, 100 S.Ct. 1049, 62 L.Ed.2d 775 (1980). We believe the term inference is of common usage and readily understandable to persons of ordinary intelligence. In any event, if petitioner desired the term to be defined, he should have timely requested such a definition or made his objection known to the trial court. The record discloses no attempt to do so, however. This failure deprived petitioner of a basis to complain later. *See Kelly*, 224 N.W.2d at 458.

Petitioner's reliance on *Sandstrom* is misplaced. A reasonable juror could have easily viewed the instruction at issue in that case as establishing a mandatory presumption. The jurors "were not told that they had a choice, or that they might *infer* that conclusion; they were told only that the law presumed it." 442 U.S. at 515, 99 S.Ct. at 2454, 61 L.Ed.2d at 45 (emphasis added). Instruction 15, by contrast, created a permissive inference. The jurors were instructed that the "inference is warranted" but "not conclusive" and "may be considered by you with all of the evidence."

In *Ulster County Court v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979), the United States Supreme Court distinguished a permissive inference from a mandatory presumption and discussed the affect of each on burden of proof. The Court stated:

**526**

[T]he entirely permissive inference or presumption . . . allows—but does not require—the trier of fact to infer the elemental fact from proof by the prosecutor of the basic one and that places no burden of any kind on the defendant. . . . Because this permissive presumption leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof, it affects the application of the "beyond the reasonable doubt" standard only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference. For only in that situation is there any risk that an explanation of the permissible inference to a jury, or its use by a jury, has caused the presumptively rational factfinder to make an erroneous factual determination.

A mandatory presumption . . . may affect not only the strength of the "no reasonable doubt" burden but also the placement of the burden; it tells the trier that he or they *must* find the elemental fact upon proof of the basic fact, at least unless the defendant has come forward with some evidence to rebut the presumed connection between the two facts.

*Id.* at 157, 99 S.Ct. at 2224, 60 L.Ed.2d at 792 (citations omitted) (emphasis original).

Instruction 15 clearly conveyed to the jurors that the inference permitted was permissive. The instruction did not, as petitioner contends, unconstitutionally place the burden of proof on him to rebut the inference allowed to be drawn from opportunity to deliberate coupled with assault with a deadly weapon.

We find no merit in either of petitioner's assignments of error. Accordingly, we affirm the district court's denial of his application for postconviction relief.

AFFIRMED.