**STATE of Iowa, Plaintiff-Appellee,**

v.

**Thomas William OGLE, Defendant-Appellant.**

No. 84–184.

Court of Appeals of Iowa.

Feb. 26, 1985.

James F. Whalen of Dunbar, Dunbar and Whalen, Waterloo, for defendant-appellant.

Thomas J. Miller, Atty. Gen. and Pamela S. Greenman, Asst. Atty. Gen., for plaintiff-appellee.

Heard by OXBERGER, C.J., and DONIELSON and SNELL, JJ.

OXBERGER, Chief Judge.

Defendant appeals from his conviction and sentence for exercising control over stolen property, in violation of Iowa Code section 714.1(4)(1982), asserting jury Instruction No. 15, which informed the jury that they should presume knowledge from the fact of possession of a stolen vehicle, violated his right to due process. We reverse and remand for a new trial.

## I.

The defendant obtained the truck in New Mexico from a man who owed defendant money. While in New Mexico, defendant applied for a title but did not receive one. Before returning to Iowa, defendant took the license plates off the truck and attached the Iowa plates that had been on defendant's old truck. In Iowa defendant had the truck inspected. Defendant was told he would need title to sell the truck. Kenneth Stessman, owner of a used car business, told defendant he had a potential buyer, a reserve deputy sheriff. Stessman took the truck for a drive and met two law enforcement officers who checked the vehicle identification number and found the truck was a stolen vehicle.

Defendant objected to Instruction No. 15 that said: "You are instructed that whoever shall ... possess ... any vehicle ... which has been stolen.... shall be presumed to have knowledge that such vehicle ... had been stolen." The instruction was a verbatim quote of Iowa Code section 321.-81 (1982).

In *Sandstrom v. Montana*, 442 U.S. 510, 524, 99 S.Ct. 2450, 2459–60, 61 L.Ed.2d 39, 51 (1979), the court held that a state court jury instruction, which informed the jury that "the law presumes that a person in-

tends the ordinary consequences of his voluntary acts," violated the defendant's right to due process under the fourteenth amendment to the constitution of the United States. The court said the instruction would be interpreted by jurors as either creating a conclusive presumption, which, in effect, directed a verdict for the State on the issue of intent; or as shifting the burden of persuasion to the defendant on the intent element of the offense. *Id.* at 519–421, 99 S.Ct. at 2456–58, 61 L.Ed.2d at 48–49.

■ In *Ulster County Court v. Allen,* 442 U.S. 140, 157, 99 S.Ct. 2213, 2224, 60 L.Ed.2d 777, 792 (1970), the court indicated that a determination of whether an evidentiary presumption violates due process depends on whether the presumption is permissive or mandatory. A permissive inference allows, but does not require, the jury to infer the presumed fact upon proof of the predicate fact. *Id.* A mandatory presumption, however, tells the jury that it must find the elemental fact upon proof of the predicate fact. *Id.*

■ Determining whether a particular instruction creates a conclusive presumption or a permissive inference, "requires careful attention to the words actually spoken to the jury, for whether a defendant has been accorded his constitutional rights depends upon the way in which a reasonable juror could have interpreted the instruction." *Sandstrom* at 524, 99 S.Ct. at 2459–60, 61 L.Ed. at 51.

Since *Sandstrom,* the Iowa Supreme Court has addressed the mandatory presumption issue in several cases. In *Henderson v. Scurr,* 313 N.W.2d 522, 525 (Iowa 1981), the challenged instruction stated that "the inference (of malice from use of a dangerous weapon) is warranted." In *State v. Elam,* 328 N.W.2d 314, 318 (Iowa 1982) the court upheld an instruction on inference of malice from use of a dangerous weapon which used the language, "you may, but are not required to infer ..." In *State v. Post,* 286 N.W.2d 195, 203 (Iowa 1980), the jury was instructed that they could, but were not required to, draw the desired inference.

The State concedes that a mandatory presumption on intent violates due process. They contend that the final sentence in Instruction No. 15 informed the jury they could reject the presumption of knowledge. It said: "This shall be considered with other evidence in this case." They cite *Henderson* as upholding similar language.

However, in *Henderson* the jury was instructed: "the inference is warranted that he did so with malice, deliberation, premeditation and a specific intent to kill in the absence of evidence to the contrary.

"This inference is not conclusive, but may be considered by you with all of the evidence in the case, or lack of evidence, in determining whether or not the killing charged, if done by the defendant, was done with deliberation, premeditation and a specific intent to kill." *Henderson* at 524.

The court at page 525 said:

"We recently discussed the meanings of the terms presumption and inference and in commenting on *Sandstrom* stated: 'The court emphasized the common definition of "presume" as "to suppose to be true without proof" ' (citation). By contrast, to 'infer' means 'to derive by reasoning or implication (or) conclude from facts or premises.' Thus, rather than limiting the assessment of other evidence, this term invites such an assessment."

In this case a reasonable juror could have easily viewed the instruction at issue as establishing a mandatory presumption. The added sentence, "This shall be considered with other evidence in this case," does not overcome the mandatory direction of words "shall presume." A reasonable juror could believe that the instruction to consider this with other evidence was related to other issues in the case. The jurors were confused and asked the trial court: "Do we weigh Instruction No. 15 more than testimony, or is it the same as testimony or is it less?" The trial court instructed: "In answer to question No. 2, you should weigh Instruction No. 15, to-

gether with the testimony, as introduced in the case." This is a repeat of the original instruction and adds nothing to clarify the original instruction.

In *Henderson* the jury was instructed that the inference is not conclusive, but may be considered with all of the evidence in the case. Here the mandatory "shall presume" is not qualified by instruction that the jury could disregard the presumption. Informing the jury that they shall consider the mandatory presumption, along with other evidence in the case, does not inform them they are free to reject the presumption. A reasonable juror could conclude that the element of knowledge the vehicle was stolen was established and that fact should be considered along with other evidence in the case on other issues submitted to them.

The State claims if the instruction is erroneous it is harmless. We cannot say the error was harmless beyond a reasonable doubt. *State v. Davis*, 228 N.W.2d 67, 73 (Iowa 1975). Other than the defendant's alleged admission to Stessman, the only other evidence of guilt was circumstantial. The defendant denied making the admission to Stessman, and presented evidence to explain the State's circumstantial evidence. We hold the giving of this instruction constituted reversible error.

## II.

■ Defendant also objects to the trial court's Instructions Numbers 9, 11, and 13. He urges that under these instructions the jury could convict the defendant even though the State had failed to prove beyond a reasonable doubt that the defendant knew or believed that the vehicle was stolen.

The Iowa Supreme Court in *State v. Hutt*, 330 N.W.2d 788 (Iowa 1983) rejected the reasonable man standard and said at pages 789–90. The language of that subsection is susceptible to an interpretation which only requires knowledge of facts which should cause a reasonable person to believe that the property has been stolen.... [I]t was necessary to establish that the accused actually did believe that the property was stolen."

In this case the trial court Instruction No. 9 said: "The law provides that a person commits theft when he exercises control over stolen property, knowing such property to have been stolen, or having reasonable cause to believe that such property has been stolen." Instruction No. 11 said in part an element of the offense is, "That at the time he exercised control over the property, knowing such property to have been stolen, or having reasonable cause to believe that such property has been stolen." Instruction No. 13 said: "With regard to element No. 3 of Instruction No. 11, you are instructed that whether the defendant, 'knew the property was stolen,' refers to knowledge which is a state of mind, seldom capable of direct or positive proof. It may be established by showing that the Defendant was aware of, perceived or had information that the property was stolen. Knowledge may be proved by direct or circumstantial evidence. Whether the defendant 'had reasonable cause to believe the property was stolen' is to be determined from the facts and circumstances known to him, as viewed by a reasonable person at the time he exercised control over the property."

After *Hutt*, the Uniform Instruction Committee adopted the two instructions. The first is Number 1423, "Theft-Definition-Exercising control over stolen property," which states: "The law provides that a person commits theft when he exercises control over stolen property, (knowing) (believing) such property to have been stolen, unless the person's purpose is to promptly restore it to the owner or to deliver it to an appropriate public officer." Instruction Number 1424, "Theft-Elements-Exercise control over stolen property," was also adopted, which states in part, that one of the elements of the offense is, "That at the time he exercised control over the property he (knew) (believed) that the property had been stolen."

We hold that the trial court erred in submitting Instruction Numbers 9, 11, and 13 by applying the reasonable man stan-

dard to the issue of defendant's knowledge. The Uniform Instruction Committee's Instructions Numbers 1423 and 1424 correctly reflect the burden on the State to establish that the defendant, at the time he exercised control over the property, knew or believed that the property had been stolen.

REVERSED.

All Judges concur except DONIELSON, J., who dissents.

DONIELSON, Judge (dissenting).

I cannot agree with the majority's conclusion that Instruction No. 15 established a mandatory presumption. The final sentence of the instruction stated, "This shall be considered with other evidence in this case." I believe this sentence properly informs the jury that they could reject the presumption of knowledge. Furthermore, except for the final sentence, the jury instruction was a verbatim quote of Iowa Code section 321.81. Thus, the majority's decision in this case necessarily requires a conclusion that the statutory provision is unconstitutional. I am troubled by the fact that our decision would have this effect when the parties have not addressed and we have not considered the constitutionality of the provision. It is far too important a question to decide in such an indirect manner.