# IN THE COURT OF APPEALS OF IOWA

No. 14-0622
Filed February 11, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SHAWN DUWAYNE HOLMES,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, Karen K. Salic, District Associate Judge.


        Defendant appeals his convictions and sentences for failure to comply with the sex offender registry requirements and unauthorized use of a credit card. **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Carlyle D. Dalen, County Attorney, and Rachel A. Ginbey and William J. Hoekstra, Assistant County Attorneys, for appellee.


        Considered by Danilson, C.J., Bower, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, S.J.**

Defendant Shawn Holmes appeals his convictions and sentences for failure to comply with the sex offender registry requirements and unauthorized use of a credit card. First, we conclude there is a factual basis in the record to support Holmes's plea of guilty to the charge of failure to comply with the sex offender registry requirement. Second, Holmes has not met his burden to show by a preponderance of the evidence that he would not have pled guilty if defense counsel had informed him more fully of the elements of that offense. Finally, the district court acted within its discretion by sentencing Holmes.

## I.     Background Facts & Proceedings

Holmes was previously convicted of an offense that required him to register as a sex offender under Iowa Code section 692A.103 (2013).[1] The minutes of evidence show Holmes quit his job at Rib Crib, a restaurant in Mason City, Iowa, on September 10, 2013, without any prior notice to the employer. Holmes thereafter attempted to get his job back but was unsuccessful because he had quit without giving two weeks' notice. On September 20, 2013, a deputy sheriff informed Holmes he would need to contact the sheriff's office within five business days if his employment status changed. *See* Iowa Code § 692A.104(2). Holmes informed the Cerro Gordo Sheriff's Office on September 25, 2013, of the change in his employment status. Holmes was charged with

---

[1] Holmes had two previous sex offense convictions.

failure to comply with the sex offender registry requirements, second or subsequent offense, in violation of section 692A.111(1), a class "D" felony.[2]

On December 12, 2013, Holmes was charged with unauthorized use of a credit card, in violation of section 715A.6, an aggravated misdemeanor. The minutes show Jayda Spradling lost her wallet, then noticed fraudulent charges on her credit card account. Some of the charges were made at Wal-Mart in Mason City, where a review of surveillance video showed Holmes purchasing a cell phone and signing up for a two-year calling plan using Spradling's credit card.

Holmes entered into a plea agreement in which he agreed to plead guilty to the offense of failure to comply with the sex offender registry requirements, second offense, and to enter an *Alford* plea to the offense of unauthorized use of a credit card,[3] and the State would recommend that he receive concurrent sentences. After a plea colloquy, the court accepted Holmes's pleas. He was sentenced to terms of imprisonment not to exceed five years and two years, respectively, to be served concurrently. Holmes now appeals his convictions, claiming he received ineffective assistance of counsel, and his sentences.

## II.    Ineffective Assistance

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, a defendant must show (1) the attorney failed to perform an essential duty, and (2) prejudice resulted to the extent it denied the defendant

---

[2] Holmes was previously convicted of failure to comply with the sex offender registry requirements on June 30, 2011, and October 25, 2011.

[3] In an *Alford* plea, a defendant does not admit committing the charged offense but consents to the conviction for the offense. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). A defendant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

**A.** Holmes claims he received ineffective assistance because his defense counsel permitted him to plead guilty to failure to comply with the sex offender registry requirements when there was not a sufficient factual basis in the record for the plea. In particular, he claims there is not a factual basis to show he knew or should have known he had a legal duty to update his employment status within five business days.

"It is a responsibility of defense counsel to ensure that a client does not plead guilty to a charge for which there is no objective factual basis." *State v. Finney*, 834 N.W.2d 46, 50 (Iowa 2013). "On a claim that a plea bargain is invalid because of a lack of accuracy on the factual-basis issue, the entire record before the district court," including the minutes of evidence, "may be examined." *Id.* at 62. "Our cases do not require that the district court have before it evidence that the crime was committed beyond a reasonable doubt, but only that there be a factual basis to support the charge." *Id.* It is not necessary to show the defendant is guilty; the court must be satisfied only that the facts support the crime. *State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001).

Iowa Code section 692A.104(2) provides, "A sex offender shall, within five business days of changing a residence, employment, or attendance as a student, appear in person to notify the sheriff of each county where a change has occurred." A sex offender who violates the requirements of section 692A.104 commits a criminal offense. Iowa Code § 692A.111(1). "For purposes of this

subsection, a violation occurs when a sex offender knows or reasonably should know of the duty to fulfill a requirement specified in this chapter as referenced in the offense charged." *Id.*; *State v. Showens*, 845 N.W.2d 436, 440 (Iowa 2014). A defendant's knowledge may be proved by direct or circumstantial evidence. *State v. Ogle*, 367 N.W.2d 289, 292 (Iowa Ct. App. 1985).

During the plea colloquy, Holmes stated, "I forgot to report that I didn't have a job anymore, Your Honor." He also stated, "I didn't know that I had—I didn't know at the time that I had to report to the sheriff's office and let them know that I had no job anymore." Holmes asserts these statements show there was not a knowing failure to comply with the sex offender registry requirements. He agreed he had not informed the sheriff's office within five days after he quit working at Rib Crib. He also stated the court could rely upon the minutes of evidence as further support for the factual basis for his plea.

The minutes show an employee of the sheriff's office would testify concerning, "when the defendant has registered, the process for registration or updating information, and the rules/regulations that are provided to the defendant each time he registers." The witness would "lay foundation for the defendant's folder containing information regarding his registration and information that he is provided."[4] Additionally, the minutes show deputy Brian Koob would testify that on September 20, 2013, Holmes told him he was still employed by Rib Crib.

---

[4] When a sex offender is released from incarceration, or when the offender is convicted but not incarcerated, the sex offender should be informed "that if the offender establishes residence in another jurisdiction, or becomes employed, or becomes a student in another jurisdiction, the offender must report the offender's new residence, employment, or attendance as a student, to the sheriff's office in the county of the offender's principal residence within five business days." Iowa Code § 692A.109(1)(e).

Deputy Koob told Holmes that if his employment was terminated or he quit he would need to contact the sheriff's office within five business days. Holmes informed the sheriff's office he was no longer employed by Rib Crib on September 25, 2013.

We conclude there is a factual basis in the record to support a finding Holmes knew or should have known of his legal duty to report a change in his employment status to the sheriff's office within five business days of the change. First, the minutes show Holmes was provided with information concerning the process for registration and updating information for the sex offender registry. Second, Holmes quit his job at Rib Crib on September 10, 2013. He was specifically informed by deputy Koob on September 20, 2013, of the need to contact the sheriff's office within five business days of a change in his employment status but did not inform the sheriff's office until September 25, 2013. Third, although Holmes stated at the plea colloquy he did not know he needed to inform the sheriff's office of the change in his employment status, he initially stated, "I forgot to report that I didn't have a job anymore." The statement that he forgot implies that he was aware of the requirement at an earlier point in time.

We conclude Holmes has not shown he received ineffective assistance due to counsel's failure to object to his plea of guilty to the charge of failure to comply with the sex offender registry requirements on the ground there was not a sufficient factual basis for the plea. "We will not find counsel incompetent for failing to pursue a meritless issue." *State v. Brothern*, 832 N.W.2d 187, 192 (Iowa 2013).

**B.** Holmes also claims he received ineffective assistance because defense counsel permitted him to plead guilty when his plea was not voluntary and intelligent. He contends he was not adequately informed of the element of the offense requiring either that he knew or should have known of the legal duty to notify the sheriff within five days of a change in his employment status. He claims that because he was not aware of this element of the offense, he could not make a complete admission to committing the offense.

We may address the prejudice component of a claim of ineffective assistance of counsel first. *See State v. Pace*, 602 N.W.2d 764, 774 (Iowa 1999). In the context of a guilty plea, in order to show prejudice a defendant must show there is a reasonable probability that but for counsel's breach of an essential duty, the defendant would not have pled guilty and would have insisted on going to trial.[5] *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006). We conclude Holmes has not met his burden to show by a preponderance of the evidence that he would not have entered a guilty plea, and would have insisted on going to trial, if defense counsel had informed him of the element of the offense requiring either that he knew or should have known of the legal duty to notify the sheriff within five days of a change in his employment status. As noted above, there is a sufficient factual basis for this element of the offense in the record.

---

[5] Holmes makes a lengthy argument that the requirement for showing prejudice should be something else. The Iowa Supreme Court has stated, "it is important to observe that *Strickland* defines the legal standard to govern the prejudice component of a claim for ineffective assistance of counsel." *Ledezma v. State*, 626 N.W.2d 134, 145 (Iowa 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). Furthermore, there is no precedent to apply a different standard under the Iowa Constitution. As an intermediate appellate court, we must follow the precedents of the Iowa Supreme Court. *See In re C.L.C.*, 798 N.W.2d 329, 335 n.1 (Iowa Ct. App. 2011).

### III. Sentencing

**A.** Holmes contends the court abused its discretion in imposing a sentence of five years for the offense of failure to comply with the sex offender registry requirement. He claims the court should have exercised its discretion to reduce his sentence, looking at the nature of the crime, his mild mental retardation, and his mental health diagnosis.

Holmes relies upon *State v. Hubbs*, 268 N.W.2d 188, 191 (Iowa 1978), where the court noted it had the authority to reduce a defendant's sentence if it was improper, but the authority should be exercised very sparingly. This authority arises from section 814.20, which gives the appellate courts authority to reduce a defendant's punishment, but not increase it. *See State v. Draper*, 457 N.W.2d 600, 605 (Iowa 1990). "A sentence within the statutory limits will be set aside only for an abuse of discretion." *State v. Inger*, 292 N.W.2d 119, 125 (Iowa 1980).

In sentencing Holmes the court considered his age, his prior criminal history, his family circumstances, his employment, the nature of the offenses, matters discussed during the sentencing hearing, and the presentence investigation report. In particular, the court noted Holmes had two prior convictions for sex offenses and two prior convictions for failure to comply with the sex offender registry requirements. He had not been successful on probation in the past. The court also noted the present offenses were very serious. We conclude the court did not abuse its discretion in sentencing Holmes to a term of imprisonment not to exceed five years for this offense, which was a class "D" felony. *See* Iowa Code § 902.9(5).

**B.** Holmes claims the court failed to give adequate reasons for the sentence for unauthorized use of a credit card. In sentencing a defendant, "[t]he court shall state on the record its reason for selecting the particular sentence." Iowa R. Crim. P. 2.23(3)(d). We may look to all parts of the record to find supporting reasons for a sentence. *State v. Jason*, 779 N.W.2d 66, 76 (Iowa Ct. App. 2009).

The court did not give separate reasons for each sentence but considered them together, stating, "And then we have these two charges. Obviously, those offenses are very serious . . . ." The court gave adequate reasons on the record for sentencing Holmes to two years in prison for his conviction for unauthorized use of a credit card.

We affirm Holmes's convictions and sentences.

**AFFIRMED.**