# IN THE COURT OF APPEALS OF IOWA

No. 13-0792
Filed April 8, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**EARL DEAN DAWSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marion County, Terry R. Rickers, Judge.

A defendant appeals from his convictions for failure to comply with the sex offender registry.  **AFFIRMED.**

James S. Nelsen of James S. Nelsen, P.L.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, and Edward W. Bull, County Attorney, for appellee.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, J.**

Earl Dean Dawson appeals from his convictions on two counts of failure to comply with the sex offender registry. He was convicted of failing to timely register an email address and Facebook account name. On appeal, he contends he was denied the right of cross-examination and the right to present a defense when the Court made several evidentiary rulings. He also contends there was insufficient evidence to show he knew or reasonably should have known the sex offender registry requires reporting the email address and Facebook account. We affirm.

## I.    BACKGROUND FACTS AND PROCEEDINGS.

Dawson is a tier-one sex offender subject to the reporting requirements of the sex offender registry statute set out in Iowa Code chapter 692A (2011). He was convicted in 2006 of sex abuse in the third degree; the victim was his fourteen-year-old stepdaughter. Iowa Code section 692A.109 requires law enforcement officers or the court to inform a sex offender released from incarceration of his obligation to register. In January 2010, Dawson was released from prison and received a registration packet and a form in which he provided the registry a number of personal and contact details. The registration packet also contained an explanation of his obligations as a sex offender under Iowa Code chapter 692A. The packet stated the offender is required to notify the sheriff of each county where the offender maintains a residence, employment, or is in attendance as a student, within five business days, of "all relevant

information, as defined by section 692A.121."[1] On the registration form, Dawson was asked to provide "email addresses screen names any/all internet identifiers." He provided none. The form included a notification that, "A sex offender shall, within five business days of any change of relevant information, appear in person to notify the sheriff of each county where a change has occurred." The packet contained a disclaimer, which Dawson signed and dated, stating:

> In signing below, I acknowledge that I have been notified of my duty to register with the Iowa sex offender registry and to comply with all of the requirements of Iowa Code chapter 692A, including those listed on this DCI-144 form. I also acknowledge that I have received a copy of Iowa Code sections 692A.101(2), 692A.113, and 692A.114.

In December 2010, Dawson created a Facebook account under a false name, "Bob Harley," using the unregistered email address, "harleyboy01@live.com." Dawson admitted at trial he used a false name to access Facebook because Facebook does not allow sex offenders to have accounts. Dawson did not notify law enforcement about this email address or Facebook account within the required five days.

Dawson completed registration forms in 2011 and 2012. In 2011, the registration packet stated the offender is required to register with law enforcement by providing "all relevant information, as defined by section 692A.101(1)(23)."[2] This is a typographical error; the relevant code section is 692A.101(23), providing "relevant information" includes "internet identifiers."

---

[1] Iowa Code section 692A.121 controls public access to offenders' personal information in the sex offender registry.

[2] Iowa Code section 692A.103 identifies offenders who are required to register. Iowa Code section 692A.104 describes the process for registration, including the requirement of "providing all relevant information to the sheriff."

Iowa Code § 692A.101(23)(a)(9). "Internet identifier" is defined as "an electronic mail address, instant message address or identifier, or any other designation or moniker used for self-identification during internet communication or posting, including all designations used for the purpose of routing or self-identification in internet communications or postings." Iowa Code § 692A.101(15).

The 2011 packet also provided partial texts of several important sections of the chapter, including section 692A.101(1) and (2) (definitions of an "aggravated offense" and an "aggravated offense against a minor"), .113 (exclusion zones and prohibition of certain employment-related activities), .114 (residency restrictions), and .115 (employment where dependent adults reside.) Dawson did not notify law enforcement of the email address or Facebook account in his 2011 registration. He signed another disclaimer acknowledging his receipt and understanding of the registration requirements.

In 2012, the registration packet once again included the requirement that the offender provide "all relevant information, as defined by section 692A.101(1)(23)." On February 7, 2012, Dawson provided an email address, "dawson1@iowatelecom.net", but did not report the "bobharley01@live.com" email address or the Facebook account and false name of Bob Harley. He signed the waiver acknowledging his receipt and understanding of the registration requirements.

In February 2012, Department of Criminal Investigations Special Agent Amy Kluender, who specializes in sex offender registry compliance, conducted a compliance check on Dawson and interviewed him in person. On February 29,

2012, Kluender discovered Dawson was using "Bob Harley" as a false name online in several email addresses and on Facebook. Dawson admitted to Kluender he used these names to circumvent rules about sex offenders' access to social media sites. Shortly thereafter, he registered the email address and Facebook account with the county sheriff.

Iowa Code section 692A.111 sets out a criminal penalty for a sex offender's failure to comply with the registration requirements. The State charged Dawson with two aggravated misdemeanor counts of failure to comply with the sex offender registry: count one for failure to register the Facebook alias of "Bob Harley"; count two for failure to register the email address "harleyboy01@live.com." The court held a bench trial. The State's only witness was Kluender. The State also offered Dawson's sex offender registry packets from 2010, 2011, and 2012. Dawson testified on his own behalf. The court ruled from the bench, finding Dawson guilty on both counts. Dawson appeals, arguing he was denied the right to present a defense and to cross-examine Kluender. He also contends there was insufficient evidence to support the convictions.

## II.  ANALYSIS.

### A.  Evidentiary Rulings.

Iowa Code section 692A.111(1) provides a criminal penalty for sex offenders who fail to comply with the Sex Offender Registry requirements:

> A sex offender who violates any of the requirements of section 692A.104, 692A.105, 692A.108, 692A.112, 692A.113, 692A.114, or 692A.115 commits an aggravated misdemeanor for a first offense and a class "D" felony for a second or subsequent offense . . . . For purposes of this subsection, a violation occurs when a sex offender knows or reasonably should know of the duty

to fulfill a requirement specified in this chapter as referenced in the offense charged.

Thus, section 692A.111(1) requires proof that the defendant knew or reasonably should have known of the requirement.

Dawson contends on appeal that the district court violated his constitutional rights. First, Dawson argues the district court violated his right to cross-examine the State's witness and to present a defense in two ways: first, by refusing to allow him to elicit testimony from Kluender to show there was not sufficient evidence that the State informed Dawson of what he was required to report, as required under 692A.109; and second, by refusing to allow Dawson to testify to his own subjective understanding of the requirements. Second, Dawson argues because he was unable to elicit the testimony on cross-examination, the court improperly placed the burden of proof on him to "disprove" the knowledge element of the offense. The State contends Dawson elicited testimony about Kluender's personal knowledge of the registration requirements and Dawson's subjective understanding in an attempt to raise an untimely constitutional vagueness challenge to the statute itself, arguing a reasonable person would not have understood the requirements of the registry. According to the State, the district court was correct to stop the questioning eliciting such testimony and Dawson's own testimony invoking such an argument.

During the trial, Dawson's counsel engaged in the following cross-examination of Kluender:

> DEFENSE COUNSEL: Now, you know the definitions of the term relevant information, correct?
> KLUENDER: Yes.

DEFENSE COUNSEL: And did you learn those definitions through your training at the academy and through your college education?

KLUENDER: No.

DEFENSE COUNSEL: How did you learn of those definitions?

KLUENDER: Reading the registration documents.

DEFENSE COUNSEL: And is that reading the registration documents as—

KLUENDER: It's also the Iowa Code Section 692A.

DEFENSE COUNSEL: Okay. So in 692A where does it talk about relevant—relevant information?

KLUENDER: I believe it's 691A.101—I believed it's contained—I believe it's the definition section in 692A.

DEFENSE COUNSEL: Now [is a] sex offender ever told, you are to go look at 692A.101?

KLUENDER: I don't know if Mr. Dawson was specifically told.

DEFENSE COUNSEL: Did you learn anything about legal research through your training either in college or at the academy?

KLUENDER: What do you mean by did I learn anything about legal research, sir?

DEFENSE COUNSEL: Did you ever have any training on legal research?

KLUENDER: No.

DEFENSE COUNSEL: They just turned you loose—sorry—

THE COURT: The question is really vague, counsel. I'm not sure if I understand what you're getting at.

DEFENSE COUNSEL: Have you ever received any type of training that would—that specifically would go with legal search as in researching statutes?

PROSECUTOR: Objection, Your Honor, relevance.

THE COURT: How is it relevant, counsel?

DEFENSE COUNSEL: Well, once again if he is—we're trying to figure out how he should know to report this information. And if he needs to go do some legal research—We as attorneys go to law school and spend quite a—we get oriented to doing legal research and going through a statute. And plain reading of statute doesn't necessarily give anybody the—the full requirements of what to register here.

THE COURT: So you're essentially arguing that if—if a Defendant comes in and said, I didn't bother to read the code, that that is a defense?

DEFENSE COUNSEL: It's not that they didn't bother to read the code; it's that somebody would have to actually have some sort

of help in order to understand the requirements of the Sex Offender Registry or be specifically told what they need to register.

PROSECUTOR:  Your Honor, may the State be heard?

THE COURT:  You may.

PROSECUTOR:  Your Honor, the State would object to this line of questioning based on the grounds that it's a constitutional vagueness argument that's being made inside the framework of trial.  If the defendant wanted to object to the code as written as vague, that should have been done pretrial.  Additionally, we're basically hearing an argument of ignorance of the law as defense, which no affirmative defense of that nature is recognized under Iowa law nor does the defense have the right to take up now [sic] affirmative defense—So the State would object, Your Honor, on relevance to the question, will be renewing its objection as we continue to go down this line of questioning.

THE COURT:  Well, I'm going to sustain the objection because clearly ignorance of the law is not a recognized defense, and it appears through the questioning that the Defendant's trying to mount a due process attack of some sort on the statute.  But the trial isn't the time to do that.  If you were going to attack the constitutionality of the statute that process should have occurred pretrial.

Later, Dawson testified as follows:

DEFENSE COUNSEL:  Do you know what internet identifiers are?

DAWSON:  After listening to arguments today—I thought I did, but I'm not really sure.  To me it's a user name.

DEFENSE COUNSEL:  Do you think that email is included in internet identifiers?

PROSECUTOR:  Your Honor, objection, relevance.  Specifically—I'm sorry—May I be heard further?

THE COURT:  Go ahead.

PROSECUTOR:  Your Honor, Iowa Code 701.6 deals [sic] ignorance of the law is not a defense; therefore it's not essential to any element of the case before us.

THE COURT:  I guess I'm failing to see how it's relevant.  Code defines what internet identifier is.  The Court makes the determination of what is or isn't an internet identifier or alias so— I'm not quite sure what the Defendant's opinion lends to it concerning the Court's determination.

DEFENSE COUNSEL:  Well, specifically just has to do with—he knows of the duty to fulfill his requirement and if he has— in order to know or should know he needs to know what this requirement is.

The COURT: It—Again I—It sounds like you're trying to mount a due—due process constitutionality that—that should have been raised by pretrial motion to dismiss. I guess, why are we discussing this at this stage of the proceedings?

DEFENSE COUNSEL: I'm not actually—I mean I'm not trying to make an attempt to attack the statute at all, just questioning on—to whether or not he had the knowledge of his requirement to do this and therefore intentionally did not report this information.

THE COURT: So aren't you in fact making an ignorance of the law argument then?

DEFENSE COUNSEL: I suppose in a roundabout way, yes, I am.

THE COURT: That's what it appears to the Court as well. For that reason I'm going to sustain the objection.

On appeal, the State responds to Dawson's appeal arguments by asserting Dawson is again attempting to attack the statute for being unconstitutionally vague.[3] Dawson filed no reply brief, therefore, he does not assist us by confirming or denying the State's reading of his arguments. Nonetheless, Dawson somewhat attempts to attack the complexity and vagueness of the statute on appeal, complaining, "The court's sustaining of objections by the State as to questions regarding knowledge ultimately resulted in the defendant being forced to testify to attempt to disestablish the element of knowledge by attempting to establish the unreasonableness of the assumption that the defendant should easily grasp such a complex statute." However, the

---

[3] *See, e.g., State v. Reed*, 618 N.W.2d 327, 332 (Iowa 2000) (internal quotations omitted):

> Under the Due Process Clause of the Fourteenth Amendment to the Federal Constitution, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.

trial transcript shows Dawson's counsel insisted he was not attempting to argue the statute was unconstitutionally vague.

Through the court's discussion with defense counsel, we are persuaded counsel did not intend to attack the statute as unconstitutionally vague, and we agree that such an attack would have been untimely at trial.[4]  To the extent that Dawson attempts to argue this on appeal, it is not preserved for review.[5]  Further, we do not consider the court's rulings to have the constitutional dimensions that Dawson alleges; they are evidentiary rulings on relevancy objections, and we assess them according to those standards.

Generally, we review questions involving the admissibility of evidence for an abuse of discretion.  *State v. Dudley*, 856 N.W.2d 668, 675 (Iowa 2014).  An abuse of discretion occurs "[w]hen the district court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.*  A ground or reason is untenable if it is "based on an erroneous application of the law or not supported by substantial evidence."  *Id.*  Even if there has been an abuse of discretion, we need not reverse if the inclusion or exclusion was harmless to the defendant.  *State v. Reynolds*, 765 N.W.2d 283, 288 (Iowa

---

[4] Iowa Rule of Criminal Procedure 2.11(2) provides:
> Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. The following must be raised prior to trial:
> a. Defenses and objections based on defects in the institution of the prosecution.
> b. Defenses and objections based on defects in the indictment or information . . . .

[5] *State v. Halliburton*, 539 N.W.2d 339, 342 (Iowa 1995) ("When a party fails to alert the district court to its contentions, that party cannot thereafter rely on those contentions to seek a reversal on appeal.")

2009). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Iowa R. Evid. 5.401. Generally, relevant evidence is admissible, and evidence that is not relevant is inadmissible. Iowa R. Evid. 5.402.

Defense counsel admitted he was attempting to argue that Dawson was subjectively unaware of the registration requirement. Thus, the testimony elicited from Kluender regarding her knowledge of the requirements could not have been probative of either Dawson's subjective knowledge or whether he reasonably should have known. The court sustained the State's relevance objection. This decision was neither untenable nor unreasonable; therefore, there was no abuse of discretion.

In asking Dawson whether "email is included in internet identifiers," defense counsel admitted he was attempting to make an argument that Dawson was ignorant of the law. As the court pointed out, the statute defines "internet identifier" as:

> an electronic mail address, instant message address or identifier, or any other designation or moniker used for self-identification during internet communication or posting, including all designations used for the purpose of routing or self-identification in internet communications or postings.

Iowa Code § 692A.101(15). Dawson's opinion as to the definition was not relevant to whether the email address and Facebook account were internet identifiers; that is a legal question for the court, as determined by the code. The trial court concluded the purpose of the testimony was not to help determine what

an internet identifier included but was to argue Dawson did not know of the requirement; it found, therefore, that the testimony was irrelevant and sustained the State's objection.

The testimony from Dawson about his understanding of whether "email is included in internet identifiers" could have been relevant in determining whether he subjectively knew of the registration requirements. Iowa Code section 692A.111(1) requires that in order for a sex offender to be guilty of failure to comply with registration requirements, the sex offender either "knows or reasonably should know of the duty to fulfill" the requirements. The court abused its discretion when it denied Dawson the opportunity to testify as to his ignorance of the registration requirements.

Dawson was, however, allowed to testify without objection that he did not know he was required to report the email address and Facebook account name until Kluender interviewed him. But the evidence showed that Dawson had disclosed an email address in the 2012 registration, twenty-two days before Kluender discovered the Facebook account and false name. The evidence of Dawson's 2012 registration is both undeniable and in contradiction to any testimony he might have given denying subjective knowledge of the requirement to disclose email addresses and identifiers. Consequently, to the extent Dawson should have been allowed to testify to his subjective knowledge of the registration requirements governing email addresses and identifiers, we determine such denial was harmless error. *See Reynolds*, 765 N.W.2d at 288.

Dawson further contends the court improperly shifted the burden of proof on the knowledge element to him, thereby forcing him to testify on his own behalf as to his knowledge to counter Kluender's testimony about the information he was provided in the registration packets. Dawson complains the court, in its verdict, relied heavily on Dawson's own statements under cross-examination that he failed to register the email address and the Facebook account. The State, in its case in chief, presented evidence in an attempt to show Dawson subjectively knew of the requirement and that he reasonably should have known of it. Dawson then testified to rebut this evidence. Although the court found that Dawson admitted each element of the crime on the stand, the court, by not allowing the irrelevant testimony from Kluender, did not force Dawson to testify and did not shift the burden of proof to him.

**B.      Sufficiency of the Evidence.**

Dawson contends the court erred in finding there was sufficient evidence to find him guilty of the offense because he did not know and should not reasonably have known the code required him to register the email address and Facebook account. We review sufficiency-of-the-evidence challenges for correction of errors at law. *State v. Randle*, 555 N.W.2d 666, 671 (Iowa 1996). We uphold a finding of guilt if the verdict is supported by substantial evidence. *State v. Henderson*, 696 N.W.2d 5, 7 (Iowa 2005). Evidence is substantial if a rational trier of fact could find the defendant guilty beyond a reasonable doubt. *Id.* We consider all evidence in the case, including that which detracts from the verdict. *Id.* We view the evidence in the light most favorable to the State. *Id.*

Iowa Code section 692A.111(1) provides a criminal penalty for sex offenders who fail to comply with the Sex Offender Registry requirements. The offender's knowledge may be shown by direct or circumstantial evidence. *State v. Ogle*, 367 N.W.2d 289, 292 (Iowa Ct. App. 1985). During his own testimony and during his interview with Kluender, Dawson admitted every element of the offense, except for the knowledge element.

Iowa Code section 692A.109 imposes a duty upon the sheriff or warden of the jail or prison from which the sex offender is released or the court to inform the sex offender of his or her obligations under chapter 692A. Section 692A.109 does not prescribe a specific list of information a sex offender must receive. Among the obligations, the sheriff, warden, or court must "[i]nform the sex offender of the duty to register under this chapter . . . and ensure registration forms are completed and signed." Iowa Code § 692A.109(1)(b). The sheriff, warden, or court must also "[i]nform the sex offender that, within five business days of a change in *relevant information* . . . the sex offender shall notify, in a manner prescribed by ruled, the sheriff of the county of principal residence of the change." Iowa Code § 692A.109(1)(d) (emphasis added). The chapter also requires the offender be informed of certain sections based on the type of conviction:

> (g) Inform the sex offender who was convicted of a *sex offense against a minor* of the prohibitions established under section 692A.113 by providing the offender with a written copy of section 692A.113 and relevant definitions of section 692A.101.
> (h) Inform the sex offender who was convicted of an *aggravated offense against a minor* of the prohibitions established under section 692A.114 by providing the offender with a written

copy of section 692A.114 and relevant definitions of section 692A.101.

Iowa Code § 692A.109(1)(g)-(h) (emphasis added). The chapter does not specify what constitutes the "relevant definitions." Dawson was convicted of an aggravated sex offense against a minor. The 2011 and 2012 packets provided the texts of sections 692A.113 and .114; they also provided the definitions of "aggravated offense" and "aggravated offense against a minor" by excerpting Iowa Code section 692A.101(1) and (2). They did not, however, provide the definition of "sex offense against a minor" provided under section 692A.101(28). This would seem to be a relevant definition under section 692A.101(g).

Dawson complains the registration packets did not inform him of the relevant definitions in section 692A.101. According to Dawson, section 692A.109(g) required the State to inform him of all the definitions under section 692A.101, including the definition of "relevant information" under section 692A.101(23) and "internet identifier" under section 692A.101(15). Dawson argues, because the entire text of section 692A.101 was not included in the registration packets, the State did not fulfill its obligation to inform him and consequently he could not reasonably have known of the requirements.

Dawson conflates the State's obligation to inform him of his registration requirements as a sex offender and his obligation to comply with the requirements. The State's failure to comply with its obligation does not necessarily absolve Dawson of his. The omission of the section 692A.101 definitions from the informational registration packet does not automatically lead us to conclude Dawson did not know or could not reasonably have known about

the necessity of reporting his internet identifiers. A failure to inform the sex offender may be evidence of the offender's lack of subjective knowledge as to the requirements. It may also be evidence that the offender could not reasonably have known of the requirements. It does not mean, per se, that the offender did not know or could not reasonably be expected to know of the requirement.

First, we are not persuaded that 692A.109(1)(g) requires the State to inform the sex offender of all the definitions under section 692A.101. It requires only the "relevant definitions." The definitions of "relevant information" and "internet identifiers" are not relevant to (g) because they are not related to a "sex offender who was convicted of a sex offense against a minor." Second, Dawson was informed in the informational registration packets in 2011 and 2012 (not, we note, in 2010) that he was required to report "all relevant information, as defined by section 692A.101(1)(23)," which includes "internet identifiers." In 2011 and 2012, Dawson signed the form indicating he understood his obligation under the registry. Even if he did not subjectively know email addresses and Facebook accounts were included in the registry requirements, he reasonably should have known from the informational packet, which instructed him to report "all relevant information" and directed him to section 692A.101(1)(23). Most telling of Dawson's actual knowledge of an obligation to disclose internet identifiers is the fact that in 2012 he had reported one email address, but not another one. The fact he omitted to report the one he used to create the Facebook account would appear to have either been intentional or negligent, not a result of lack of knowledge. These omissions were the basis for the criminal prosecutions in this

case.  He also admitted he made up the email address and fake name to circumvent the rules against sex offenders using Facebook.  The evidence is sufficient to support a conclusion that Dawson reasonably should have known about the requirement.  Accordingly, we affirm the convictions.

**III.     CONCLUSION.**

We affirm the district court's evidentiary rulings and the convictions for failure to comply with the sex offender registry requirements.

**AFFIRMED.**